# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-CT-00161-SCT

*DONDREGO BOLTON*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/01/2010 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK LESLIE S. LEE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: W. GLENN WATTS SCOTT STUART |
| DISTRICT ATTORNEY: | ROBERT S. SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 05/16/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**KITCHENS, JUSTICE, FOR THE COURT:**

¶1.     Dondrego Bolton was charged with burglary of a dwelling in 2010. He was found guilty in the Circuit Court of the First Judicial District of Hinds County and sentenced to twenty years in prison. Bolton's indictment originally charged him with breaking and entering a dwelling with the intent to commit larceny. At trial, the jury was instructed on burglary of a dwelling and the lesser-included offense of trespassing. The jury was told that

if it found that Bolton had broken and entered into the home "[w]ith the intent to commit the crime of larceny *or any other crime*," (emphasis added) he was guilty of burglary. Bolton did not object to the jury instructions at the time.

¶2.    The Court of Appeals found these jury instructions to be sufficient. ***Bolton v. State***, 2012 WL 2104852, *2 (Miss. Ct. App. June 12, 2012). That court found that "the State did not have to prove – and the jury did not have to find – Bolton committed larceny." ***Id.*** While this is correct, under this Court's recent holding in ***Daniels v. State***, 107 So. 3d 961 (Miss. 2013), the jury did have to find that Bolton had *intended* to commit larceny, since that was the intended offense specified by the grand jury. Here, however, the Court of Appeals found it sufficient that "[t]he jury found beyond a reasonable doubt that Bolton intended to commit *a crime* in Vance's house . . . ." ***Bolton***, 2012 WL 2104852, at *2 (emphasis added).

¶3.    Bolton filed a petition for certiorari with this Court, alleging that the jury instructions were improper because they permitted the jury to convict him of burglary if it found that he had intended to commit *any* crime while inside the dwelling. This Court initially denied the petition. However, before the mandate issued, we handed down our unanimous decision in ***Daniels***, holding that the State must "offer proof of the intent to commit some specific crime as the second element of burglary." ***Daniels***, 107 So. 3d at 964. The intent to commit a specific crime charged in the indictment must be proven beyond a reasonable doubt, and the jury must be so instructed. Because the holding in ***Daniels*** directly contradicted the Court of Appeals' holding in ***Bolton***, we vacated the denial of certiorari and granted the petition.

2

## ANALYSIS

¶4. In *Daniels*, we held that "the trial court's failure to instruct the jury properly on the essential elements of the crime of burglary *requires* reversal." *Id.* (emphasis added). There, the jury was instructed that Daniels was guilty of burglary if it found beyond a reasonable doubt that, once he had broken inside the dwelling, he "intended . . . to commit a crime therein, which is a crime under the laws of Mississippi . . . ." *Id.* at 962-63. We held that the instructions were "fatally flawed" and we remanded for a new trial. *Id.* at 962. Bolton's jury instructions were "fatally flawed" in exactly the manner as Daniels's: the jury was permitted to convict him of burglary if it found he had intended to commit *any* crime while inside the dwelling, and the prosecution therefore was relieved of its obligation of proving his intent to commit a particular crime. "One of the essential elements of the crime of burglary is the intent to commit a *specific* crime." *Id.* at 964. Although Bolton did not object to the jury instruction, the "[f]ailure to instruct the jury on the essential elements of the crime is plain error." *Rogers v. State*, 95 So. 3d 623, 632 (Miss. 2012) (citing *Berry v. State*, 728 So. 2d 568, 571 (Miss. 1999)). Under *Daniels*, Bolton's jury instructions failed to instruct the jury on all of the essential elements of burglary, and that omission constitutes plain error.

## CONCLUSION

¶5. Because the jury was improperly instructed on the essential elements of burglary consistent with this Court's recent decision in *Daniels v. State*, we reverse the decisions of the Court of Appeals and the Hinds County Circuit Court and remand Dondrego Bolton's case to the trial court for proceedings consistent with this decision.

¶6. **REVERSED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**