MAXWELL, J.,
for the Court:
¶ 1. Dondrego Bolton appeals his house-burglary conviction. He argues the trial court erred by not instructing the jury on the necessary elements of larceny, the underlying offense in Bolton’s burglary charge. He also claims his trial counsel was ineffective. Because we find the jury was properly instructed on the elements of burglary — the crime Bolton was convicted of — and also find Bolton’s appointed counsel was not constitutionally deficient, we affirm.
BACKGROUND FACTS
¶ 2. On March 19, 2010, Jackson Police Department officers responded to a dispatch about a burglary in progress. When they arrived at Millie Vance’s house, they caught Bolton inside the house and another man, John Caston, fleeing from the property. One of the officers testified the inside of the house appeared ransacked by someone looking for things to take. Vance’s daughter testified she lived in the house and Bolton did not have permission to be there.
¶ 3. After his arrest, Bolton admitted he broke into the house, explaining he “just needed money” and had gone in to “steal ... [something [he] could sell.” He was charged with breaking and entering a dwelling “with the intent to commit a crime therein, to wit: to take, steal, or carry away personal property of Millie Vance.”
¶ 4. At trial, Bolton testified in his own defense. He admitted he broke into the house, claiming he did so at Caston’s instigation because Caston needed money. But Bolton denied that he had intended to steal anything inside the house. The jury was instructed on both burglary of a dwelling and the lesser-included offense of trespassing. If the jury found Bolton had “trespass[ed] upon the real property of Millie Vance without any intent to commit larceny or any other crime,” it was instructed to find Bolton guilty of trespass, not burglary. To find Bolton guilty of burglary, the jury was instructed it had to find Bolton broke and entered Vance’s *576 home “[w]ith the intent to commit the crime of larceny or any other crime.”
¶ 5. The jury found Bolton guilty of burglary, and the trial court sentenced him to twenty-five years in the custody of the Mississippi Department of Corrections. Bolton timely appealed.
DISCUSSION
I. Jury Instruction on Burglary
 ¶ 6. A trial court’s failure to instruct the jury on the essential elements of an offense is a “fundamental” error. Lyles v. State, 12 So.3d 532, 541-42 (¶28) (Miss. Ct.App.2009) (quoting Shaffer v. State, 740 So.2d 273, 282 (¶ 31) (Miss.1998)). Bolton asserts the trial court committed reversible error because it failed to instruct the jury on the elements of larceny.[1] But Bolton was convicted of burglary of a dwelling, not larceny. The crime of burglary has two essential elements: “(1) the burglarious breaking and entering a dwelling, and (2) the felonious intent to commit some crime therein.” Tran v. State, 962 So.2d 1237, 1242 (¶ 19) (Miss.2007) (citing Miss.Code Ann. § 97-17-23 (Rev.2006)). “[T]he crime of burglary does not contain two separate and distinct ‘subcrimes[.]’” Booker v. State, 716 So.2d 1064,1067 (¶ 12) (Miss.1998). “Rather, the intent to commit some crime, be it a felony or a misdemeanor, is simply an element of the crime of burglary.” Id. at 1068 (¶ 12) (citing Ashley v. State, 538 So.2d 1181, 1184 (Miss.1989)).
¶ 7. Although addressing the sufficiency of an indictment, not jury instructions, the Mississippi Supreme Court in Booker found:
The allegation of the ulterior [crime] intended need not, however, be set out as fully and specifically as would be required in an indictment for the actual commission of that [crime ]. It is ordinarily sufficient to state the intended offense generally, as by alleging an intent to steal, or commit the crime of larceny, rape or arson.
Id. (quoting 13 Am.Jur.2d Burglary § 36 (1964)) (emphasis added). Bolton’s indictment charged him generally with the intent to steal. Just as, according to the supreme court in Booker, the State did not have to specifically charge all the elements of larceny in the indictment, we find the State did not have to prove — and the jury did not have to find — Bolton committed larceny. Thus, the failure to instruct the jury on the elements of larceny was not a fundamental error.
¶ 8. The trial court granted the lesser-included-offense instruction on trespassing based on the conflicting evidence about whether Bolton had intended to steal anything from Vance’s home. The jury was instructed on both burglary and trespassing, -the distinction being whether it found Bolton broke and entered Vance’s house “[w]ith the intent to commit the crime of larceny or any other crime” or instead found Bolton had gone into Vance’s house “without any intent to commit larceny or any other crime.” Any failure to expressly instruct the jury that larceny is stealing or that stealing is a crime, at most, was harmless error. See Conley v. State, 790 So.2d 773, 793 (1172) (Miss.2001) (citing Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)) *577 (“Error is harmless if it is clear beyond a reasonable doubt that it did not contribute to the verdict.”); ef. Kolberg v. State, 829 So.2d 29, 51 (¶¶ 41-42) (Miss.2002) (finding harmless error in failure to instruct jury on the elements of felony child abuse, the underlying felony of the capital-murder charge). The jury found beyond a reasonable doubt that Bolton intended to commit a crime in Vance’s house, and the evidence about Bolton’s intent to steal from Vance supports this finding. Thus, we reject not only Bolton’s argument that the burglary jury instruction was fundamentally flawed but also his claim that his counsel was constitutionally deficient for not objecting to the instruction.[2]
¶ 9. For the same reason, we also reject Bolton’s alternative argument, framed as an ineffective-assistance-of-counsel claim, that the verdict was the result of an impermissible constructive amendment to the indictment.[3] See Bell v. State, 725 So.2d 836, 855-56 (¶ 61) (Miss. 1998) (finding “a constructive amendment of the indictment occurs when the jury is permitted to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged” and requires reversal “because the defendant may have been convicted on a ground not charged in the indictment” (quoting United States v. Adams, 778 F.2d 1117, 1123 (5th Cir.1985))). Based on the evidence, it is clear the jury convicted Bolton on the grounds charged in the indictment — that Bolton broke and entered the house with the intent “to take, steal, or carry away personal property of Millie Vance.”
II. Ineffective Assistance of Counsel
 ¶ 10. Appellate courts generally do not consider ineffective-assistance-of-counsel claims on direct appeal. However, we “will rule on the merits on the rare occasions where ‘(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.’ ” Wilcher v. State, 863 So.2d 776, 825 (¶ 171) (Miss.2003) (quoting Aguilar v. State, 847 So.2d 871, 878 (¶17) (Miss.Ct.App.2002)). Here, Bolton stipulates the record is adequate. Though the State does not address the issue of the adequacy of the record, it addresses the merits of the claim, going into detail about the record facts. Because the State has effectively stipulated to the adequacy of the record, we address Bolton’s ineffective-assistance-of-counsel claim on direct appeal.
¶ 11. To prevail on a claim of ineffective assistance of counsel, Bolton must establish: (1) his attorney’s performance was deficient, and (2) the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 *578 (1984). To qualify as deficient, an attorney’s performance must fail to meet “an objective standard of reasonableness.”- Id. at 688, 104 S.Ct. 2052. There is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, ... the challenged action might be considered sound trial strategy.” Id. at 689, 104 S.Ct. 2052 (citation and quotations omitted). For prejudice to exist, there must be a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694,104 S.Ct. 2052.
A. Failure to Object to State’s Comments
12. Bolton argues his attorney was ineffective for failing to object to certain comments by the State during both opening statements and closing arguments. For Bolton to meet both prongs of Strickland, he must show the comments were improper and should have drawn an objection by a reasonable attorney, and the comments prejudicially affected the outcome. Id. at 687, 694, 104 S.Ct. 2052; cf. Spicer v. State, 921 So.2d 292, 318 (¶ 55) (Miss.2006) (applying the following two-part test to determine if the trial court should have granted a mistrial based on the prosecution’s comments: “(1) whether the remarks were improper, and (2) if so, whether the remarks prejudicially affected the accused’s rights”). In order for no prejudice to result, it must be “clear beyond a reasonable doubt that, absent the prosecutor’s inappropriate comments, the jury would have found the defendant guilty.” Brown v. State, 986 So.2d 270, 276 (¶ 16) (Miss.2008) (modifying the language in Spicer, 921 So.2d at 318 (¶ 55), from “the jury could have found” to “the jury would have found the defendant guilty”).

1. Opening Statement

¶ 13. During opening statements, the prosecutor told the jury: “I know that it’s possible that you all are thinking that since there’s all this evidence, why is he having a trial? But I ask that you not hold that against the State because he pled not guilty.” Bolton contends his attorney should have objected because the State had impermissibly commented on Bolton’s exercise of his right to stand trial and disregarded the presumption Bolton was innocent until proven guilty.
¶ 14. We agree these statements were improper. But we disagree the failure to object led to reversible error, preju-dicially affecting the outcome. In Moore v. State, 932 So.2d 833, 839 (¶ 19) (Miss.Ct. App.2005), the prosecutor told the jury in closing argument: “Y’all didn’t want to be here. That man put you here.” The defendant had argued the comment implied he did not have a right to put on a defense. This court agreed “there [was] no valid reason” for the prosecutor’s statement. Id. at 840 (¶ 21). But this court found no reversible error in overruling the defendant’s objection because “[t]he jury was well instructed as to Moore’s theory of self-defense, and without more, we cannot find that the district attorney’s statements negated the effectiveness of the instructions given the jury.” Id. at 840 (¶21).
¶ 15. Here, the jury was properly instructed it could not find Bolton guilty unless the State proved every element of burglary beyond a reasonable doubt. Because the improper comment in opening statement did not negate this instruction, we find no reversible error occurred. See id.; see also Goodin v. State, 787 So.2d 639, 648 (¶ 31) (Miss.2001) (finding the prosecutor’s improper instruction did not *579 lead to an erroneous verdict because “[t]he jurors were later properly instructed again as to the presumption of innocence and the burden of proof by the trial judge”).
¶ 16. Based on the evidence, we find the jury would have found Bolton guilty without the State’s comments in its opening statement. See Brown, 986 So.2d at 276 (¶ 16); cf. Thomas v. State, 14 So.3d 812, 821 (¶27) (Miss.Ct.App.2009) (finding no prejudice resulted from the State’s comment during the sentencing hearing that the trial court should “take into consideration” the fact that the defendant had exercised his right to trial, instead of pleading guilty, because the comment did not affect the trial court’s sentencing decision). Thus, Bolton has not met his burden to show he was prejudiced by his counsel’s failure to object.

2. Closing Argument

¶ 17. During closing argument, Bolton contends his attorney should have objected to the prosecutor’s comments about Bolton’s request for a lesser-included-offense instruction on trespass.[4] Bolton contends the State was equating a trespassing conviction with a finding of not guilty — essentially telling the jury that convicting Bolton of mere trespass would “send a message” to the community that it was okay to break into people’s homes looking for property to steal.
¶ 18. In Spicer, the Mississippi Supreme Court explained why “send a message” comments are problematic: “Jurors are the representatives of the community, but must vote based on the evidence shown at trial and not in their representative capacity.” Spicer, 921 So.2d at 318 (¶ 53) (citing Williams v. State, 522 So.2d 201, 209 (Miss.1988)). In that case, the supreme court found the prosecutor’s “payback time” speech to the jury was improper because it was clearly “an attempt to use emotion to overcome possible reluctance in the jury, making a baseless appeal to the jurors that they needed to vote as representatives of the community and not based on the evidence that was before them.” Id. at (¶ 56).
¶ 19. But in Long v. State, 52 So.3d 1188, 1193-94 (¶¶ 15-20) (Miss.2011), the supreme court reached the opposite conclusion. The supreme court found the State’s comments — that the sale of drugs should be controlled and that it was important that the jury find the defendant guilty because he had sold drugs — were not “so inflammatory” that they required trial court’s sua sponte objection. Id. at 1193 (¶ 16) (quoting Spicer, 921 So.2d at 317). Instead, “the State’s remarks were simply reiterating the jury’s duty set forth in the jury instructions ... to make a finding of guilt based on the testimony and evidence presented at trial.” Id. at 1194 (¶20).
*580 ¶20. Here, while the State’s closing argument did mention the community’s crime problem, in contrast to Spicer, it was not a “baseless appeal” to the jury to ignore the evidence and vote as community members. Instead, we find the comments to be akin to those in Long. The State was making an appeal based on the evidence, urging the jurors to find Bolton guilty of burglary because the evidence supported a burglary conviction and not let Bolton “take the easy way out” by convicting him of a crime less serious than the one he committed.
¶ 21. Moreover, following closing argument, the jury was properly instructed on the evidence necessary to find Bolton guilty of burglary as opposed to trespassing. As with the State’s opening statement, we find it clear beyond a reasonable doubt that, absent these remarks, the jury would have still found Bolton guilty. See Brown, 986 So.2d at 276 (¶ 16).
¶ 22. Thus, we find Bolton cannot show under Strickland his counsel was constitutionally deficient for not objecting to these comments.
B. Failure to Object to Burglary Jury Instruction
If 23. Bolton also argues his attorney was deficient because he did not object to the “any other crimes” language added to the State’s burglary jury instruction. Bolton argues the prejudice resulting from the failure to object was two-fold: (1) the jury was not instructed on the essential elements of burglary; and (2) the jury instruction constructively amended the indictment, which was impermissible. As already discussed, the jury instruction was not fundamentally flawed, and the indictment was not improperly constructively amended. Thus, we cannot find Bqlton’s counsel was deficient or that the outcome would have differed had his counsel objected. See Strickland, 466 U.S. at 687, 104 S.Ct. 2052.
¶ 24. THE JUDGMENT OF CONVICTION OF BURGLARY OF A DWELLING AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ„ CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. See Miss.Code. Ann. § 97-17-41(1) (Rev. 2006) ("Every person who shall be convicted of taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more, shall be guilty of grand larceny[.]”); Miss. Code. Ann. § 97-17-43(1) (Rev.2006) ("If any person shall feloniously take, steal and carry away any personal property of another under the value of Five Hundred Dollars ($500.00), he shall be guilty of petit larceny.”).

. See Issue II.B.

. During the jury-instruction conference, the State’s burglary jury instruction was amended to add the language "or any other crime” to match the trespassing instruction. Consequently, the State made an ore tenus motion to amend the indictment to include the "any other crime” language. While Bolton’s counsel did not object, it does not appear from the record the motion was actually granted or that the indictment was ever amended. And Bolton does not directly assert his indictment was improperly amended by the trial court. Rather, he couches the allegation in his ineffective-assistance-of-counsel argument. Thus, we consider only whether the burglary jury instruction constructively amended the indictment and whether, under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Bolton can show his counsel was ineffective for not objecting to the amendment. See Issue II.B.

. Bolton argues his attorney should have objected to the following comments by the State:
I do want to say, you know, the officers testified that a lot of these house burglaries occur in the city of Jackson, hundreds. And, ladies and gentlemen, if all it takes is to get on the witness stand and tell 12 people that, "Hey, I was just in the house hanging out with my buddy at somebody else's house,” and then you got caught in the house by the police, and then you confess to the crime, that you were in there to steal — if that’s all — if that's all it takes to be guilty of just trespass, then — then, we might as well stop prosecuting these crimes right now.
I might as well just quit my job and we can’t prosecute these crimes anymore because that — that's the easy way out. That’s the way he wants out. That’s why he got on the stand and said, “I'm guilty of trespass, not just house burglary.”
He knows he wants the easy way out. He wants y'all to give him the easy way out. And then if that's what’s done here, then, again, we might as well — we might as well not prosecute these crimes, ladies and gentlemen.