MAXWELL, J.,
specially concurring:
¶ 23. I agree with the majority that the omission of an element from a jury instruction is subject to harmless-error review and that Jones’s conviction should be affirmed. I write separately to further explain why the Mississippi Supreme Court’s recent decision in Bolton v. State, 113 So.3d 542 (Miss.2013), despite its broad language about plain error, is apparently limited to its unique circumstances — a burglary conviction in which the jury was not instructed that it must find the defendant intended to commit a specified crime — a circumstance not present here.
¶ 24. The United States Supreme Court held in Neder v. United States, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), “that the omission of an element is an error that is subject to harmless-error analysis!)]” And in response to Neder’s holding — that the omission of an element did not necessarily render a trial “fundamentally unfair” — the Mississippi Supreme Court found it prudent to reexamine its own then-contrary view.
¶ 25. Specifically, in 2002, the Mississippi Supreme Court determined that since its decisions on the issue of omission of a required element had been “grounded, at least in part, on federal interpretation,” it should “revisit” its prior decisions that had found this type of error was “fundamental” and required “automatic reversal.” Kolberg v. State, 829 So.2d 29, 46-50 (¶¶ 27-40) (Miss.2002) (quoting Ballenger v. State, 761 So.2d 214, 220 (¶21) (Miss.2000); Hunter v. State, 684 So.2d 625, 636 (Miss. 1996)). After reexamining those cases, our supreme court changed course and held that, instead of automatic reversal, “each case must stand on its own facts in determining whether a particular error constitutes reversible error.” Id. at 48 (¶ 34) (quoting Carleton v. State, 425 So.2d 1036, 1040 (Miss.1983)). Thus, in Kolberg, a capital-murder appeal, the supreme court applied harmless-error analysis to conclude, based on the facts in that case, that failure to instruct the jury in a capital-murder case on the underlying felony was harmless error. Id. at 50-52 (¶¶ 40-43).
¶ 26. While I acknowledge that it is certainly within the supreme court’s discretion to overrule Kolberg and depart from the United State Supreme Court’s harmless-error approach in Neder, unlike the dissent, I do not interpret Bolton as doing so. First, the Mississippi Supreme Court gave no indication it was abandoning prior precedent on this issue. See Bolton, 113 So.3d at 544 (¶¶ 4-5). Second, Bolton appears to apply — not conflict with — Kol-berg, because the supreme court looked to the case’s specific facts to find the error was in fact harmful, and thus the conviction had to be reversed.
¶ 27. The specific context of Bolton was based on an intervening decision by the supreme court, Daniels v. State, 107 So.3d 961, 964 (¶¶ 16-17) (Miss.2013), which was not handed down until after this court handed down its opinion in Bolton. Bolton, 113 So.3d at 543-44 (¶¶ 2-3) (reversing Bolton v. State, 113 So.3d 573 (Miss.Ct. App.2012)). Both Bolton and Daniels were burglary cases. And in both, the issue was whether the failure to instruct on the intent to commit the specific underlying crime was reversible. Bolton, 113 So.3d at 544 (¶ 4); Daniels, 107 So.3d at 964 (¶ 17). In Daniels, the supreme court did not say anything about automatic reversal. Daniels, 107 So.3d at 964 (¶ 17). And its holding, which Bolton quotes, is *1018 case-specific, not a general statement of law. Id. What “require[d] reversal” was the actual harm the court found — that “[t]he failure to instruct the jury on some specific crime in the second element of burglary would have allowed each of the jurors to arbitrarily select some crime of which there was no proof, and use that nonexistent offense to convict Daniels of burglary.” Id. Because Bolton involved the exact same harm created by the failure to instruct on the intent to commit the specific underlying crime, the supreme court applied Daniels to reverse Bolton as well. Bolton, 118 So.3d at 543-44 (¶¶ 8-5).
¶ 28. Admittedly, Bolton also cites Rogers v. State, 95 So.3d 623, 632 (¶ 30) (Miss. 2012), as standing for the proposition that “failure to instruct the jury on the essential elements of the crime is plain error.” Bolton, 113 So.3d at 544 (¶ 4). But Rogers is problematic because it relies on the very cases our supreme court in Kolberg had “revisited” in 2002 and found should no longer control. Compare Rogers, 95 So.3d at 632 (¶ 30) with Kolberg, 829 So.2d at 47-48 (¶¶ 28-33). However, if Rogers indeed signals some sort of retreat to pre-Neder and Kolberg law, the signal is at best mixed. This is especially so because Rogers, like Daniels, did not automatically reverse but instead found a case-specific error — the failure to instruct on venue, which is jurisdictional — was “such an obvious omission” that it was a fatal error requiring reversal. Rogers, 95 So.3d at 632 (¶ 30).
¶ 29. Furthermore, this court applied Neder as recently as 2011 to find the failure to instruct the jury on an essential element of felon in possession of a firearm was harmless error. Johnson v. State, 94 So.3d 1209, 1217-19 (¶¶ 38-46) (Miss.Ct. App.2011). And instead of reversing this court’s decision and holding the failure to instruct required automatic reversal, the supreme court denied certiorari on August 9, 2012 — indicating Neder and Kolberg are still good law in Mississippi.
¶ 30. So without a specific indication from our supreme court that this court should no longer apply harmless-error analysis to any case where an essential element is missing from the jury instructions, I find Bolton and Rogers are limited to their circumstances, which are distinguishable from those here.[2]
¶ 31. Under the circumstances here, this court can confidently say that Jones’s conviction “should not be set aside ... [because] the constitutional error was harmless beyond a reasonable doubt.” Kolberg, 829 So.2d at 50 (¶ 39) (quoting Neder, 527 U.S. at 16, 119 S.Ct. 1827). The essential element missing from the jury instruction was that the jury had to find beyond a reasonable doubt that Jones was twenty-four months older than Sarah when he sexually battered the young girl. It is undisputed that Sarah was only eight years old when Jones forced her to engage in oral sex. And the almost thirty-year-old Jones never claimed as a defense, nor could he have, that he was under the age *1019 of eleven when he sexually abused the young girl in April 2009.
¶ 32. At Joiies’s trial in November 2011, the jury had before it a grown man sitting at the defense table. And it heard evidence that Jones was born in 1981, making him twenty-eight at the time of the crime. So no reasonable juror, properly instructed, could have concluded anything other than Jones was more than twenty-four months older than Sarah when he sexually battered her. Thus, “it is clear beyond a reasonable doubt” that the failure to instruct the jury on the element of age difference between the victim and perpetrator “did not contribute to the verdict.” Kolberg, 829 So.2d at 51 (¶ 43) (quoting Conley v. State, 790 So.2d 773, 793 (¶ 72) (Miss.2001)).
¶ 33. The United State Supreme Court has held that the harmless-error “approach reaches an appropriate balance between society’s interest in punishing the guilty and the method by which decisions of guilty are to be made.” Neder, 527 U.S. at 18, 119 S.Ct. 1827 (quotations and citation omitted). And in this case there is no reason to upset this balance, as Mississippi has strong interests in protecting children and punishing sexual predators, and the imperfect manner in which the guilty verdict was procured here did no actual harm to Jones’s defense.
¶ 34. For these additional reasons, the judgment of conviction should be affirmed and the instructional error deemed harmless.
LEE, C.J., IRVING, P.J., AND BARNES, J., JOIN THIS OPINION.

. Further, applying Bolton in this case would potentially incentivize “sandbagging” by defense counsel, under the guise of protecting a fundamental constitutional right. As the majority pointed out, Jones’s counsel had prepared a jury instruction that included all the necessary elements of the crime. But counsel withdrew this instruction and allowed the State's flawed instruction to be given without objection. To reverse this case would possibly condone or encourage defendants to engage in the sharp practice of remaining silent in cases where they know the State’s or court’s instruction is flawed — hedging their bets that if the jury convicts, they can claim plain error on appeal and automatically get a new trial — even when the error did not in any way contribute to the jury's verdict.