ROBERTS, J.,
dissenting:
¶ 35. The majority finds that no reversible error resulted from the fact that the jury was not instructed that it had to find that Jones was twenty-four months older than the victim. I respectfully disagree. Mississippi Code Annotated section 97-3-95(l)(d) (Rev.2006) provides that “[a] person is guilty of sexual battery if he or she engages in sexual penetration with ... [a] child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.” As the majority states, instruction S-l informed the jury that to convict Jones of sexual battery, it had to find, beyond a reasonable doubt, that:
1. [Jones], on or about April 18, 2009, in Yazoo County, Mississippi;
2. did[] engage in sexual penetration with [Sarah], a child, who was at least eight (8) years of age, but under sixteen years;
3. by placing his mouth and tongue in the vagina of [Sarah];
4. and by placing his penis in the mouth of [Sarah];
then you shall find [Jones] guilty of [s]exual Mattery as charged in the [i]n-dictment.
Instruction S-l did not inform the jury that it must find that Jones was twenty-four months older than Sarah, which is an essential element of the statutorily created offense of sexual battery.
¶ 36. I find that the Mississippi Supreme Court’s recent .decision in Bolton v. State, 113 So.3d 542 (Miss.2013), is controlling on the issue and dispositive of Jones’s appeal. In Bolton, the supreme court reversed the judgments of both this Court and the trial court when it held that the “failure to instruct the jury on the essential elements of the crime is plain error.” Id. at 544 (¶ 4) (citation omitted). Defense counsel in Bolton did not object to the deficient elements instruction. Id. The same set of circumstances occurred in the case presently before us. It is fundamental in a criminal case' that the jury must be correctly instructed on all of the essential *1020 elements of the criminal offense before it is authorized to convict the accused. Rogers v. State, 95 So.3d 623, 632 (¶ 30) (Miss. 2012); Berry v. State, 728 So.2d 568, 571 (¶ 6) (Miss.1999). I do not find that Bolton can be distinguished from the present case. With utmost respect for the majority, although the disparity between the victim’s age and Jones’s age was obvious to the jury, the fact remains that the jury was not instructed on all of the necessary elements that the State must prove before the jury could find Jones guilty of sexual battery. I would reverse the circuit court’s judgment of conviction and remand this matter to the circuit court for a new trial before a properly instructed jury. Because the majority finds otherwise, I respectfully dissent.
GRIFFIS, P.J., ISHEE AND FAIR, JJ., JOIN THIS OPINION.