DICKINSON, Presiding Justice,
concurring in part and dissenting in part.
¶ 28. I fully join the majority’s decision to affirm Conner’s conviction for felony fleeing and his sentence as a habitual offender on that charge. But, because the trial court failed to instruct the jury adequately on Conner’s burglary charge, I would reverse that conviction.
¶ 29. The trial judge instructed the jury that, in order to convict Conner of burglary, it must find beyond a reasonable doubt that he intended to commit a larceny in Campbell’s home. But, because the trial judge did not instruct the jury on the legal requirements for a larceny, Conner now argues that the jury could not determine whether he possessed the requisite intent to commit larceny.
¶ 30. Neither the State nor Conner requested a larceny instruction at trial. In most cases, a litigant who fails to request a certain jury instruction waives the issue for appeal.[1] However, we have made it clear that the trial judge had the ultimate duty to provide the jury with proper instructions. And a jury that has not been properly instructed on the elements of a crime is inherently unable to render a verdict based on those elements. It follows that, in such cases, the defendant’s fundamental right to due process of law and a fair trial have been compromised, and we may grant relief under the plain-error doctrine.[2]
¶ 31. Conviction for burglary of a dwelling requires the jury to find beyond a reasonable doubt that the defendant broke and entered the dwelling of another with the intent to commit “some crime” therein.[3] But, unless the prosecution informs the jury of the specific crime the State alleges the defendant intended to commit, the indictment is “fatally flawed.”[4]
¶ 32. Indeed, the trial court must instruct the jury on the specific crime the *154 State contends the defendant intended to commit because “[t]he failure to instruct the jury on some specific crime in the second element of burglary would have allowed each of the jurors to arbitrarily select some crime of which there was no proof, and use that nonexistent offense to convict [the defendant] of burglary.”[5]
¶33. Here, the trial judge instructed the jury that, in order to find Conners guilty of burglary, it must have found that he intended to commit “larceny.” But the jury was left to guess what it means to commit a larceny. While the prosecutor was not required to prove the elements of larceny — indeed, the State could never prove the elements of larceny where the defendant broke and entered in an unsuccessful attempt to commit a larceny — it failed to consider the jury’s need to know those elements in order to analyze whether the defendant intended to commit them.
¶ 34. Larceny is “the taking and carrying away from any place, at any time, of the personal property of another, without his consent, by a person not entitled to the possession thereof, feloniously, with intent to deprive the owner of his property permanently, and to convert it to the use of the taker or of some person other than the owner.”[6]
¶ 35. It is not an answer to say that jurors understand what is a larceny. I find it highly unlikely that all members of a jury consisting predominantly of lay persons — not attorneys and judges — would know the requirements for a larceny. But, even if some of the jurors claimed to know the requirements for a larceny, they are specifically instructed not to consider their own views of what the law requires and to apply only the law given to them by the trial judge.
¶36. So, when a trial judge requires the jury to determine whether the defendant intended to commit larceny, that judge may not leave the jury to speculate as to the meaning of larceny. This is not to say that all jurors are completely ignorant of the law — they are not. But, because jurors are forbidden from applying their own knowledge of the law, they must be informed by the trial judge of the law to be applied.
¶ 37. By failing to instruct on the elements of larceny, the trial judge left the jurors to assign their own meaning to that word. This eliminated their ability to determine whether the defendant intended to commit that crime beyond a reasonable doubt. And this failure was not remedied because the trial judge instructed that the jury might infer an intent to steal from the act of breaking and entering. The intent to steal, standing alone, is not larceny. One must intend to permanently deprive the other of his or her property. And, even if stealing and larceny were synonymous, the trial judge never instructed the jury to find the intent to steal beyond a reasonable doubt, nor did he explain that he intended the instruction on the intent to steal to define or explain the meaning of larceny. He merely instructed the jury that the intent to steal might be inferred from the circumstances of breaking and entering.
¶ 38. The instructions left the jury to speculate as to the meaning of a legal term, eviscerating the jury’s ability to consider Conner’s guilt. Accordingly, I would reverse Conner’s conviction for burglary of *155 a dwelling and remand for a new trial on that charge.
KITCHENS AND KING, JJ., JOIN THIS OPINION IN PART.

. Ballenger v. State, 667 So.2d 1242, 1252 (Miss.1995).

. Flora v. State, 925 So.2d 797, 811 (Miss.2006) (quoting Williams v. State, 794 So.2d 181, 187 (Miss.2001), overruled on other grounds by Brown v. State, 995 So.2d 698 (Miss.2008), (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)); Bolton v. State, 113 So.3d 542, 544 (Miss.2013) (quoting Rogers v. State, 95 So.3d 623, 632 (Miss.2012)).

. Miss.Code Ann. § 97-17-23(1) (Rev.2006).

. Lambert v. State, 462 So.2d 308, 311 (Miss.1984) (citing Newburn v. State, 205 So.2d 260 (Miss.1967); State v. Buchanan, 75 Miss. 349, 22 So.875 (1898)).

. Daniels v. State, 107 So.3d 961, 964 (Miss. 2013).

. Mapp v. State, 248 Miss. 898, 904, 162 So.2d 642, 645 (1964) (quoting 52 C.J.S. Larceny § 1, p. 779; Jackson v. State, 211 Miss. 828, 52 So.2d 914 (Miss.1951)).