DICKINSON, Presiding Justice,
dissenting:
¶ 19. Simply put, I dissent because there is no way the jury properly could have found beyond a reasonable doubt that Anthony Windless intended to .commit a larceny without knowing the elements, under Mississippi law, of larceny. Trial courts are not required to instruct juries on . the meaning of every word in the English language. But the crime of larceny is not universal. For instance, the statutes in some states have broadened the common-law elements of larceny — which, themselves, were never provided to the jury — to include such other crimes as false pretenses and embezzlement, while others (including Mississippi) have not.[3] The *964 abridged' ninth edition of Black’s Law Dictionary defines fifteen different kinds of larceny, each with its own definition.[4] What is worse, Mississippi statutes— which, by the way, include no crime called “larcehy” — list fourteen different statutes that make certain defined larcenies.[5] Which larceny statute applied in this case? Neither the jury nor a single justice on this Court knows. To assume, as does the plurality, that the jury understood the term “larceny” with no instruction from the trial court is, in my view, 'indefensible.
¶ 20. Jury instructions 'must “ ‘fairly announce the law of the case and create no injustice,’ ” and when the instructions, read as a whole, accomplish this task, “ ‘no reversible error will be found.’ ”[6] But when a trial court fails to instruct a jury on all the elements of the charged' crime, or to provide any instruction, the error is per se reversible error and this Court-will not engage in harmless-error analysis.[7]’ This is because
a decision of the Mississippi Supreme Court rendering it harmless for a person in Mississippi to be convicted óf a crime with the Court, rather than the jury, deciding, the sufficiency of the evidence against the person impairs, infringes upon, violates, and renders' broken the right to a jury trial.[8]
¶ 21. The failure of a defendant in a criminal case to object to an inadequate jury instruction on the elements of the crime charged will not prevent this Court from reviewing the adequacy of the jury instructions.[9] In a criminal prosecution, the trial court and the State both share responsibility for making sure “the jury is ‘fully and properly instructed on all issues of law relevant to the case.’”[10] While “the State is responsible for making sure the jury is instructed on the essential elements of the crime,”[11] there can be “no doubt that the trial court is ultimately responsible for rendering proper guidance to the jury via appropriately given jury instructions, even sua sponte.”[12] ’
¶ 22. Crimes have elements. And sometimes — as in this case — one or inore of the elements, themselves, may have elements. But whether the element is of the crime charged, , or is an element of one of the elements, of the crime, the jury must know the elements in order to find the State has proved them beyond a reasonable doubt.
¶ 23. In Harrell v. State, this Court found that the failure to instruct the jury properly on the elements of robbery in a capital-murder case — whére robbery was the underlying felony — violated the defendant’s right to a trial by jury as guaranteed by the Mississippi Constitution and *965 that the error was per se reversible.[13] The trial court instructed the-jury on the elements of capital murder but failed to give a separate instruction on the elements of robbery.[14] This Court overruled its prior opinion in Kolberg v. State and held that such errors are not subject to harmless-error review and are subject to automatic reversal.[15]
¶ 24. This Court relied on the' strong language in the Mississippi Constitution that “[t]he right of trial by jury shall remain inviolate,”[16] So, in a criminal case, it is essential that the jury be instructed on every element of the charged offense, and when the jury receives no such instruction, reversal is required.[17]
¶ 25. Mississippi Code Section 97-3-19(l)(c) defines the crime of capital murder as “[t]he killing of a human being without the authority of law ... [w]hen done without any design to effect death by any person engaged in the commission of ... burglary — ” And Mississippi Code Section 97-17-23(1) codifies the crime of burglary and prescribes punishment for. “[e]very person who shall be convicted of breaking and entering the dwelling house ... of another ... with the intent to commit some crime therein....” “ ‘One of the essential elements of the crime of burglary is the intent to commit a specific crime.’ ”[18] The State must give the defendant prior notice of that specific crime and offer proof that the defendant intended to commit it, and the jury must find beyond a reasonable doubt that the defendant intended to commit'that specific crime.[19] I do not believe the jury could complete this task without an instruction explaining the legal meaning of larceny as charged by the State.
¶ 26. Recently, this Court held that jury instructions for burglary must fairly identify the crime the defendant intended to commit, and when the underlying crime is larceny, the instructions must comply with this requirement “by identifying larceny as the crime [the defendant] intended to commit.”[20] Last year, in Conner v. State, this Court, said that the general lay understanding of the term “larceny” is that it connotes stealing.or theft.[21] This Court said that “the trial court should instruct the jury op the elements of the intended crime in a burglary trial; here, the jury instructions, correctly instructed the jurors that they could find Conner guilty of burglary if they found he broke and entered the victim’s dwelling with the intent to steal.” So “the jury instructions fairly, although not perfectly, instructed the jury on the applicable law.”[22]
¶ 27. Justice Coleman has provided an excellent analysis of why our decision in Conner is no justification for what the plurality does today. For the reasons he *966 states, and the reasons stated above, I respectfully dissent.
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. Larceny, Black’s Law Dictionary (abr. 9th ed.2010).

. Id.

. Miss.Code Ann. §§ 97-17-41-64 (Rev.2014).

. Rubenstein v. State, 941 So.2d 735, 785 (Miss.2006) (quoting Coleman v. State, 697 So.2d 777, 782 (Miss.1997)).

. Harrell v. State, 134 So.3d 266, 271-72 (Miss.2014).

. Id. at 274.

. Id. at 270 ("Harrell did not bring the omission to the attention of the trial court by objecting to the State's instruction or submitting an instruction on the elements of robbery. Nonetheless, the issue is not procedurally barred.”).

. Id. (quoting Kolberg v. State, 829 So.2d 29, 46 (Miss.2002)).

. Harrell, 134 So.3d at 270 (quoting Hunter v. State, 684 So.2d 625, 635 (Miss.1996)).

. Harrell, 134 So.3d at 270 (quoting Kolberg, 829 So.2d at 46).

. Harrell, 134 So.3d at 267.

. Id. at 270.

. Id. at 272 (citing Kolberg, 829 So.2d at 29).

. Harrell, 134 So.3d at 271 (citing Miss. Const. art. 3, § 31).

. Harrell, 134 So.3d at 273.

. Bolton v. State, 113 So.3d 542, 544 (Miss.2013) (citing Daniels v. State, 107 So.3d 961, 964 (Miss.2013)).

. Daniels, 107 So.3d at 964.

. Conner v. State, 138 So.3d 143, 149 (Miss.2014) (citing Daniels, 107 So.3d at 964).

. Conner, 138 So.3d at 150 (citing Commonwealth v. Lawrence, 11 Mass.App.Ct. 990, 418 N.E.2d 629, 631 (1981)).

. Conner, 138 So.3d at 150.