**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 2012-KA-00050-SCT**

*RYAN SCOTT YOUNG a/k/a RYAN S. YOUNG a/k/a*
*RYAN YOUNG*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/2011 |
| TRIAL JUDGE: | HON. ROBERT P. CHAMBERLIN |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: HUNTER N. AIKENS |
| | GEORGE T. HOLMES |
| | DAVID CLAY VANDERBURG |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 08/01/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.     Ryan Scott Young appeals from his convictions for felony driving under the influence

(DUI), third offense, and retaliation against a public servant.  Young raises four assignments

of error, arguing 1) that the indictment did not include an essential element of the crime of

retaliation, 2) that the trial court failed to instruct the jury on an essential element of the

crime of retaliation, 3) that the evidence was insufficient to support the jury's verdict on the

DUI charge, and 4) that the verdict on the DUI charge is against the weight of the evidence and he is entitled to a new trial. We find that all of Young's assignments of error are without merit, and we affirm his convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2. On April 11, 2011, around 7:00 pm, Officer Steven Hodges of the City of Southaven Police Department was conducting a traffic stop. Officer Perry Baldwin was acting as backup officer, essentially keeping a lookout to ensure nothing was coming down the road that would harm the officers or the individuals who had been detained. Baldwin testified that, as he was keeping a lookout, he saw a white car traveling eastbound. As the car passed, Baldwin saw the driver "flip him off" with his middle finger and observed that the driver had "a can of beer in the car with him." Baldwin radioed Officer Luke Shepherd, who was located at the police station farther down the road, and informed him that there was a car coming his way that he should watch out for.

¶3. As Baldwin was speaking with Shepherd, they observed the car make a U-turn and head westbound, back toward Baldwin and Hodges. As he passed by Baldwin a second time, the driver again "flipped him off" with his middle finger and Baldwin again noticed a can of beer in the car. Baldwin saw Shepherd driving his patrol car toward the white car, and later heard on the radio that Shepherd had stopped the car.

¶4. Shepherd testified that he initiated a traffic stop of the white car when the driver turned right without using a traffic signal. When Shepherd pulled him over, the driver was not cooperative. Shepherd testified that, when asked his name, the driver answered that he did not have a name. The driver eventually told Shepherd his name was Ryan Young, and

2

Shepherd ran a check on him. Young also told Shepherd that he didn't need car insurance because he was not a citizen of the United States and that he did not need a driver's license to operate a vehicle. Shepherd testified that he could smell alcohol while he was speaking with Young and that he could see an open can of beer inside the car. After speaking with Young, Shepherd asked him to step out of the car and took him into custody.

¶5. Officer Jonathan Fletcher also was present during the stop. Fletcher testified that, after Young stepped out of the car, he stated he had been with friends drinking several beers that day.[1] Fletcher also testified that he had inventoried the contents of Young's vehicle after he was taken into custody and had found several empty beer cans in the car, as well as one half-full beer in the center console and a green leafy substance consistent in appearance with marijuana.

¶6. Shepherd testified that he transported Young to the police station. When they arrived, Shepherd noticed that Young's pants were wet and there was liquid at his feet. Shepherd testified that Young informed him that he had urinated on himself. Shepherd then administered field sobriety tests to Young. Shepherd offered Young the opportunity to take a breathalyzer test, which Young refused. Shepherd concluded that Young had failed the field sobriety tests and determined, based on his training and experience, that he was "under the influence of alcohol in such a manner that would impair his operation of a motor vehicle."

---

[1]Young testified that he drank three beers while fishing from the hours of 12:00 noon until 3:00 p.m.

3

¶7.    While Young was waiting in the holding cell while being booked in, he became belligerent.  He was yelling loudly and demanding to know the charges against him, even though Shepherd already had informed him of the charges.  Shepherd testified that, when he approached him to show him the paperwork, Young lunged at him, kicked the door, and threatened that, when he got out of jail, he was going to find Shepherd and kill him. Shepherd testified that when he asked Young why he was going to kill him, Young stated that he might not kill him, but he was definitely going to kick his ass.  Young testified that he only said he "ought to kick [the officer's] ass."

¶8.    Young was indicted for Count I, felony DUI, third offense, under Mississippi Code Section 63-11-30(2)(c) and Count II, retaliation against a public servant.

¶9.    After a trial, a jury found Young guilty on both counts.  Young now appeals.

## DISCUSSION

**I.    Count II of the indictment, retaliation, did not omit an essential element of the crime and was not defective.**

¶10.    "The question of whether an indictment is fatally defective is an issue of law and deserves a relatively broad standard of review by this Court."[2]  A review of the legal sufficiency of an indictment must be reviewed de novo.[3]

¶11.    Young argues that Count II of the indictment failed to include an essential element of the crime of retaliation against a public servant and was, therefore, fatally defective.  "[A]n indictment must contain (1) the essential elements of the crime charged, (2) sufficient facts

---

[2]***Nguyen v. State***, 761 So. 2d 873, 874 (Miss. 2000) (citing ***Peterson v. State***, 671 So. 2d 647 (Miss. 1996)).

[3]***Id.*** at 652.

to fairly inform the defendant of the charge which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense."[4]  The crime of retaliation against a public servant, Mississippi Code Section 97-9-127(1), reads in relevant part as follows:

> A person commits the offense of retaliation if he intentionally or knowingly harms or *threatens to harm* another by *any unlawful act* in retaliation for anything lawfully done in the capacity of public servant, witness, prospective witness or informant.[5]

Count II of the indictment read as follows:

> That Ryan Scott Young, late of the County and State aforesaid, on or about the 11th day of April, in the year of our Lord, 2011, in the County and State aforesaid, and within the jurisdiction of our Court, *did willfully, unlawfully, and feloniously, threaten to harm Officer Luke Shepherd* in retaliation for actions lawfully taken by Officer Luke Shepherd while Officer Luke Shepherd was in the capacity as a public servant in the position as an officer acting within the scope of his duty with the City of Southaven, Police Department, *by threatening to assault* Officer Luke Shepherd, *in direct violation of Section 97-9-127,* Mississippi Code 1972 Annotated, as amended, contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.[6]

Young argues that "noticeably absent from this, is an allegation that the threat to harm Officer Shepherd [sic] was by an unlawful act."  Although not artfully argued in his brief, it appears from the record that Young's argument is that he did not commit an unlawful act against Shepherd at the time he threatened him.  The record reveals that Young moved for a directed verdict on Count II because "while there's been threats made by [Young] while

---

[4] ***Berry v. State***, 996 So. 2d 782, 786 (Miss. 2012) (quoting ***Gilmer v. State***, 955 So. 2d 829, 836-37 (Miss. 2007)).

[5] Miss. Code Ann. § 97-9-127(1) (Rev. 2006) (emphasis added).

[6] (Emphasis added.)

he's in custody, there is no evidence of any unlawful act in retaliation on his part," and he "never committed any unlawful act of retaliation against Officer Shepherd."

¶12. The indictment stated that Young "unlawfully, and feloniously threatened to harm Officer Luke Shepherd . . . by threatening to assault" him. The circuit court, in denying Young's motion for directed verdict determined that "the language is that if you threaten to harm someone by any illegal act, that refers to the act that you are going to use to do the harm threatened" and found that, in this case, that constituted "assault at least in a simple nature, if not an aggravated nature." We agree with the circuit court's interpretation of the statute. Furthermore, the act of threatening to harm a police officer in the future *is* unlawful; it is the crime of retaliation, and the indictment stated that Young's threat was in direct violation of Section 97-9-127.

¶13. We find that the indictment clearly contained the elements of the offense and sufficiently informed Young of the charge against him by charging that Young *unlawfully threatened* Shepherd by *threatening to assault* him. This issue is without merit.

## II. The trial court sufficiently instructed the jury on Count II, retaliation.

¶14. "Jury instructions are within the discretion of the trial court and the settled standard of review is abuse of discretion."[7] "[I]n order to preserve a jury instruction issue for appellate purposes, a defendant must make specific, on-the-record objections to proposed instructions."[8]

---

[7] ***Bailey v. State***, 78 So. 3d 308, 315 (Miss. 2012) (citing ***Newell v. State***, 49 So. 3d 66, 73 (Miss. 2010)).

[8] ***Killen v. State***, 958 So. 2d 172, 186 (Miss. 2007).

¶15. Young argues that Instruction S-3B, given as to the elements of Count II, omitted "the essential statutory element that the harm or threat of harm be 'by any unlawful act.'" The State argues that, although Young objected to Instructions S-3 and S-3A, he failed to object to Instruction S-3B and should be procedurally barred from raising this issue on appeal. The State further argues that Instruction S-3B was proper.

¶16. Young objected to Instruction S-3A in part on the basis that it did not include the threat of harm by "unlawful act." After Instruction S-3A was amended, Young did not object to Instruction S-3B. Therefore, we find that Young failed to preserve this issue for appellate review and that this assignment of error is procedurally barred. Notwithstanding the procedural bar, this assignment of error is without merit. Instruction S-3B read as follows:

> In Count 2, the Defendant, Ryan Scott Young, has been charged with Retaliation Against a Public Servant. If you find from the evidence in this case beyond a reasonable doubt that on or about April 11, 2011 that the Defendant, Ryan Scott Young, did *unlawfully threaten to harm* Officer Luke Shepherd *by threatening to assault and/or kill him* in retaliation for actions taken lawfully by Officer Luke Shepherd while he was acting within the scope of his duty with the City of Southaven, Police Department, then you shall find the Defendant, Ryan Scott Young, guilty as charged. If the State has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.[9]

¶17. Instruction S-3B clearly requires the State to prove beyond a reasonable doubt that Young did "unlawfully threaten to harm Officer Luke Shepherd by threatening to assault and/or kill him . . . ." Instruction S-3B included the essential element of the crime that Young unlawfully threatened harm by unlawful act; *i.e.*, to assault and/or kill Shepherd. This assignment of error is without merit.

---

[9](Emphasis added.)

**III.    The evidence is sufficient to support the verdict on Count I, DUI.**

¶18.    "When reviewing a challenge to the sufficiency of the evidence, this Court will reverse and render only if the facts and inferences 'point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty . . . .'"[10]  "The relevant inquiry is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"[11]  "This Court considers the evidence in the light most favorable to the state."[12]

¶19.    Young refused to take a breathalyzer test; therefore, he was convicted of common law DUI under Mississippi Code Section 63-11-30.[13]  The relevant portion of Section 63-11-30 provides that "(1) It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor . . . ."[14]  "Common law DUI is proven when a defendant's blood alcohol results are unavailable . . . but there is sufficient

---

[10]***Hughes v. State***, 983 So. 2d 270, 275-76 (Miss. 2008) (quoting ***Brown v. State***, 965 So. 2d 1023, 1030 (Miss. 2007) (quoting ***Bush v. State***, 895 So. 2d 836, 843 (Miss. 2005))).

[11]***Hughes***, 983 So. 2d at 276 (quoting ***Brown***, 965 So. 2d at 1030 (quoting ***Bush***, 895 So. 2d at 843)).

[12]***Hughes***, 983 So. 2d at 276 (citing ***Bush***, 895 So. 2d at 843).

[13]Young does not challenge the jury's finding that this was his third DUI conviction.

[14]Miss. Code Ann. § 63-11-30(1) (a) (Rev. 2004).

evidence to that the defendant operated a motor vehicle under circumstances indicating his ability to operate the vehicle was impaired by the consumption of alcohol."[15]

¶20.    Young argues that the State failed to establish beyond a reasonable doubt that he was impaired because the State "offered no evidence that Young staggered when he exited the car or otherwise appeared intoxicated . . ." and because the State "failed to offer additional evidence to indicate how much Young had to drink and/or that Young was actually impaired at the time he was stopped." Young further argues that Shepherd testified only generally that Young failed the field sobriety tests and that his conviction may not stand on evidence requiring conjecture. The State argues that a reasonable jury could have found Young was impaired based on the testimony presented at trial.

¶21.    We find that sufficient evidence was presented to allow a reasonable and fair-minded juror to find that Young operated a motor vehicle under circumstances indicating that he was impaired by alcohol. The State presented testimony that Young drove by the officers, flipped them off, then turned around to drive by and flip them off a second time. There was also testimony that, when he was pulled over, Young did not cooperate with the officers, but refused to tell them his name and told them he didn't need insurance because he was not a citizen of the United States, even though he was born in Memphis, Tennessee.

¶22.    Additionally, Young testified that he had consumed alcohol on the day he was arrested. Although he testified that he had consumed only three beers several hours before he was pulled over, the State presented testimony that several empty beer cans and a half-full

---

[15]*Gilpatrick v. State*, 991 So. 2d 130, 133 (Miss. 2008) (citing *Leuer v. City of Flowood*, 744 So. 2d 266, 268 (Miss. 1999)).

beer can were found in his car and that Young smelled like alcohol when he was pulled over. The State also presented testimony that Young urinated on himself in the police car, failed field sobriety tests after he arrived at the police station, refused a breathalyzer, became belligerent when placed in the holding cell, and openly threatened to assault Shepherd by "kicking his ass." We find that there was sufficient evidence for a reasonable juror to determine that Young was operating his vehicle under circumstances indicating that he was impaired by alcohol. This assignment of error is without merit.

**IV.    The verdict is not against the weight of the evidence on Count II, DUI.**

¶23.    "When reviewing a challenge to the weight of the evidence, this Court will overturn a jury verdict 'only when it is so contrary to the evidence presented that to let it stand would sanction an unconscionable injustice.'"[16] "A new trial should be granted 'only in exceptional circumstances, when the evidence weighs heavily against the jury's verdict.'"[17] "This Court considers the evidence in the light most favorable to the verdict."[18]

¶24.    Based on the evidence previously discussed, we find that the guilty verdict on Count II is not so contrary to the evidence that to let it stand would sanction an unconscionable injustice. Furthermore, the evidence does not weigh heavily against the jury's verdict. This assignment of error is without merit.

---

[16]*Hughes*, 983 So. 2d at 277 (quoting *Wilson v. State*, 936 So. 2d 357, 363 (Miss. 2006) (citing *Bush*, 895 So. 2d at 845)).

[17]*Hughes*, 983 So. 2d at 277 (quoting *Wilson*, 936 So. 2d at 363) (citing *Bush*, 895 So. 2d at 845)).

[18]*Hughes*, 983 So. 2d at 277 (citations omitted).

## CONCLUSION

¶25.    For the foregoing reasons, we find that all of Young's assigned errors are without

merit, and we affirm Young's convictions and sentences.

¶26.    **CONVICTION OF DRIVING UNDER THE INFLUENCE, THIRD OFFENSE AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. APPELLANT SHALL PAY A FINE OF $2,000, WITH $1,000 SUSPENDED, WITH CONDITIONS. SENTENCE SHALL RUN CONSECUTIVELY WITH ANY OTHER SENTENCE. APPELLANT IS GIVEN CREDIT FOR 32 DAYS TIME SERVED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

11