FAIR, J„
dissenting:
¶ 22. I must respectfully dissent fr.om the majority, 'due to.our supreme court’s recent ruling in Conner v. State, 138 So.3d 143 (Miss.2014). White was convicted of burglary under Mississippi-Code Annotated section 97 — 17—23(1) (Rev.2014),- which provides:
Every person who shall be convicted of breaking and entering the dwelling house or inner door of such dwelling house of another, whether armed with a deadly weaport or not, and whether there shall be at the time some human being in such' dwelling house or not, with intent to commit some crime therein, shall be punished....
The jury received the following instruction:
In Count I,.if you believe from the evidence in this .case beyond a reasonable doubt that:
1) On or about January 29, 2012, RICHARD WHITE AKA “TONEY BUCK” did unlawfully, willfully [and] feloniously break and enter the dwelling house of Newell Inman and/or. Johanna Inman[,] and
2) said dwelling-house was located at .., Street in Lambert[,] Mississippi, and •
*808 3) said breaking] and entering] was with the intent to commit the crime of larceny and/or assault there,
then you shall find the defendant guilty of burglary of a dwelling in Count 1. If the State has failed to prove any one of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty in Count 1.
¶23. White argues that the circuit court’s failure to instruct the jury on the elements of larceny and assault is plain error. Neither party requested that the jury be instructed on the elements of larceny or assault. However, that does not render the issue procedurally barred. The circuit court is responsible for assuring that the jury is “fully and properly instructed on all issues of law relevant to the case.” Harrell v. State, 134 So.3d 266, 270 (¶ 14) (Miss.2014) (quotation omitted). “The crime of burglary requires the jury to find beyond a reasonable doubt that the defendant broke and entered the dwelling house of another with the intent to commit some crime therein.” Conner v. State, 138 So.3d 143, 149 (¶ 14) (citing Miss.Code Ann. § 97-17-23(1)). Jury instructions on burglary must identify the crime the defendant intended to commit. Id. (citing Daniels v. State, 107 So.3d 961, 964 (¶ 17) (Miss.2013)). The jury was instructed to find White guilty if it concluded, beyond a reasonable doubt, that he unlawfully, willfully, and feloniously broke and entered the Inmans’ house with the intent to commit larceny and/or assault. Thus, White’s instructions adhered to Daniels.
¶24. In Harrell, the supreme court found that, for a capital-murder charge, the circuit court’s failure to instruct the jury as to the elements of the underlying felony of robbery was reversible error. Harrell, 134 So.3d at 270 (¶ 14). Four months after the Harrell decision, the supreme court held that, for the crime of burglary, as long as the jury is “fully and fairly informed” of the intent requirement for burglary, jury instructions need not list the elements of the underlying crime. Conner, 138 So.3d at 149 (¶ 16).
¶ 25. Now, with Conner in mind, we must determine whether the jury was “fully and fairly informed” of the intent requirement for burglary. See id. In this case, the jurors were instructed that they could find White guilty of burglary if they found he unlawfully, willfully, and felo-niously broke and entered the dwelling with the intent to commit larceny and/or assault. Likewise in Conner, 138 So.3d at 149 (¶ 12), the defendant was charged with burglary of a dwelling with the intent to commit larceny. The jury was not instructed on the elements of larceny. Id. But the circuit court specifically instructed the jury that the “required intent” they had to find was “intent to steal.”[5] Id. at 150 (¶ 16). See also Blythe v. State, 141 So.3d 407, 413 (¶ 18) (Miss.Ct.App.2013). The court also instructed the jury that “[a]n inference of the intent to steal may arise from proof of the breaking and entering.” Conner, 138 So.3d at 150 (¶ 15). Our supreme court affirmed Conner’s conviction, stating:
While the trial court should instruct the jury on the elements of the intended crime in a burglary trial, here, the jury instructions correctly instructed the jurors that they could find Conner guilty of burglary if they found he broke and entered the victim’s dwelling with the intent to steal. We find that the jury instructions fairly, although not perfect *809 ly, instructed the jury on the applicable law....
Id. at (¶ 16) (emphasis added),
¶ 26. The Conner decision relied on the fact that, although no instruction listed the elements of larceny, Conner’s jury had received separate instructions on larceny that were sufficient to inform the jury of the applicable law. Id. Unlike the jury in Conner, the jury in this case received no separate instructions on larceny or assault. The majority affirms White’s conviction because there was undisputed evidence of theft and assault. Büt Conner did not draw factual or evidentiary distinctions when concluding that a jury should be instructed on the intent requirement for burglary.
¶27. As stated by the majority, the plain-error doctrine has been construed to include error that “resulted in a manifest miscarriage of justice” or “seriously affects the fairness, integrityt,] or public reputation of judicial proceedings.” Brown v. State, 996 So.2d 698, 703 (¶21) (Miss.2008) (citation omitted). We apply the plain-error rule only when the error affects a defendant’s fundamental rights. Id. As this Court stated in Blunt, “[d]ue[-]process rights include the right to a properly instructed jury.” Blunt v. State, 55 So.3d 207, 211 (¶ 16) (Miss.Ct.App.2011). See also Shaffer v. State, 740 So.2d 273, 282 (¶ 31) (Miss.1998) (holding that the trial court’s failure to instruct the jury properly on the elements of the crime charged denied the defendant due process). White’s jury instructions did not list the elements of the underlying crimes of larceny or assault. Nor did his instructions “fully and fairly inform[ ] the jury of the intent requirement for burglary,” in conformity with Conner. Conner, 138 So.3d at 149 (¶ 16). So the jury instructions did not “fairly ... instruct! ] the jury on the applicable law.” Id. at 150 (¶ 16). As a result, I would reverse the circuit court’s judgment and remand White’s case to the circuit-court.
IRVING, P.J., BARNES AND ISHEE, JJ., JOIN THIS .OPINION.

. Larceny requires the specific intent to steal or "deprive the owner of his property.” Slay v. State, 241 So.2d 362, 364 (Miss.1970).