CHANDLER, Justice,
concurring in part and in result:
¶ 17. I agree with the plurality’s holding that the jury was properly instructed in this case. The jury was instructed on the essential elements of capital murder with the underlying felony of burglary. The burglary instruction stated that the jury could find guilt if Windless broke and entered “with the intent to commit the crime of larceny.” In Conner v. State, 138 So.3d 143, 150 (Miss.2014), this Court recognized that “the general lay understanding of the term ‘larceny’ is that it connotes stealing or theft.” I agree that, under Conner, no instruction on the elements of larceny was required.
¶ 18. I disagree with the plurality’s conclusion that this Court erred in Conner by failing to procedurally bar this issue and reviewing it under the well-established rule that “the trial court must ‘assure that the jury is “fully and properly instructed on all issues of law relevant to the case.” ’ ” Id. at 149 (quoting Harrell v. State, 134 So.3d 266, 270 (Miss.2014)). The plurality is correct that, to obtain a burglary conviction, the State need only show that the defendant intended to commit the specified crime, and it n,eed not prove the essential elements of that intended crime. Booker v. State, 716 So.2d 1064, 1068 (Miss.1998). But with. no understanding of the acts comprising the intended crime, a jury cannot accurately determine whether the defendant . harbored the requisite intent. Thus, the jury’s comprehension of the intended crime is essential to its ability to determine whether the defendant committed burglary. I would not relieve the trial court of its , duty to “render[ ] proper guidance to the jury via appropriately given jury instructions” concerning the intended crime in a burglary case. Harrell, 134 So.3d at 270.