COLEMAN, Justice,
dissenting:
¶ 28. Like today’s case, in Conner v. State, 138 So.3d 143 (Miss.2014), the defendant was charged with burglary. Id. at 146 (¶ 1). In that case, a majority of the Conner Court — including me — voted to affirm the conviction. In a final similarity, at least for my purposes, in Conner, the defendant raised on appeal the failure of the trial judge to instruct the jury as to the elements of larceny. Id. at 149. In affirming, the Conner Court relied on the trial court’s instruction to the jury that “[a]n inference of the intent to steal may arise from proof of the breaking and entering.” Id. at 149-150 (¶ 16). Specifically, the Conner Court wrote as follows:
While the trial court should instruct the jury on the elements of the intended crime in a burglary trial-, here, the jury instructions correctly instructed the jurors that they could find Conner guilty of burglary if they found 'he broke and entered the victim’s dwelling with the intent to steal. We find that the jury instructions fairly, although not perfectly, instructed the jury on the applicable law; therefore, we affirm Conner’s burglary conviction.

Id.

¶ 29. The Conner Court -held the jury to have been fairly instructed because the trial court gave the above-quoted instruction on the inference of an intent to steal. Without-the inference instruction, the Conner Court apparently would have reached a different result. It is not the jury instruction on burglary alone that the Conner Court held to be sufficient, as suggested by the plurality in response to my dissent, (Plur. Op. at ¶ 11), but the burglary instruction plus the inference instruction. No such inference instruction exists in partnership with the burglary instruction in today’s case, and if the Court were to follow its logic and holding in Conner, which for some reason it does not,[23] then Windless’s conviction should be reversed. Accordingly and with respect, I dissent.
DICKINSON, P.J., JOINS THIS OPINION.

. The plurality would offer a mistake by the Conner Court in failing to analyze the issue under a plain error analysis as the reason. (Plur, Op. at ¶ 11), The plurality would blame the mistake on misplaced reliance upon Harrell v. State, 134 So.3d 266, 270 (¶ 14) (Miss.2014), but we have held in several cases that errors in jury instructions are not procedurally barred because the responsibility to offer correct instruction to the jury lies, in the end, with the trial judge and the State. See Kolberg v. State, 829 So.2d 29, 46 (Miss.2002), overruled on other grounds by Shaffer v. State, 740 So.2d 273, 282 (Miss.1998); Hunter v. State, 684 So.2d 625, 636 (Miss.1996) (stating that "[i]t is rudimentary that the jury must be instructed regarding the elements of the crime with which the defendant is charged ... even though the defendant did not present an acceptable instruction, the State was obligated to do so”).