# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-KA-01323-COA

LONNIE BUTLER                                                       APPELLANT

v.

STATE OF MISSISSIPPI                                                 APPELLEE

DATE OF JUDGMENT:              10/21/2021
TRIAL JUDGE:                   HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:     SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        CATOUCHE J. BODY
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: LAUREN G. CANTRELL
DISTRICT ATTORNEY:             WILLIE DEWAYNE RICHARDSON
NATURE OF THE CASE:            CRIMINAL - FELONY
DISPOSITION:                   AFFIRMED - 12/05/2023
MOTION FOR REHEARING FILED:

## BEFORE BARNES, C.J., GREENLEE AND EMFINGER, JJ.

## BARNES, C.J., FOR THE COURT:

¶1.     A Sunflower County grand jury indicted Lonnie Butler and co-defendant Kirby Griffin for the first-degree murder of Demetrius Webb (Count I). Additionally, Butler was indicted as a felon in possession of a firearm (Count II). The State also sought a firearm enhancement for Butler under Mississippi Code Annotated section 97-37-37 (Supp. 2007). The cases were severed, and a jury convicted Butler as charged. The trial court sentenced Butler to serve life imprisonment for Count I, with an additional ten years to serve for the firearm enhancement, followed by ten years for Count II to be served consecutively to the other two sentences.

¶2.    Butler's sole argument on appeal is that neither the trial court nor his trial counsel advised him of his right to testify, thereby violating his constitutional right to do so. We find no error and affirm.

**STATEMENT OF FACTS**

¶3.    On the evening of November 21, 2011,[1] several people were gathered in Drew, Mississippi, outside of the Unique Social Club. Butler, who was from out-of-town, only knew Kirby Griffin. Three eyewitnesses testified that Demetrius Webb and Griffin had been arguing under a streetlight and agreed to settle their differences with a fistfight. The three eyewitnesses were all from Drew and friends with Webb. According to them, Butler was standing next to Griffin. As Griffin was preparing to fight by tying his shoes, he took a .38-caliber revolver from his back pocket and passed it to Butler, who put it in his pocket. Then, one eyewitness heard Butler tell Webb something to the effect of "he [(Butler)] was going to ride with Kirby wrong or right"—in other words, Butler was picking Griffin's side in the dispute. Butler, standing a few feet in front of Webb, then pulled out Griffin's revolver from his pocket and shot Webb twice in the chest. The group quickly dispersed. Webb later died from the gunshot wounds. At trial, the three eyewitnesses identified Butler as the shooter.

**STANDARD OF REVIEW**

---

[1]  Butler's trial was not held until June 2021. The record shows the delay can be partially attributed to a hung jury on a previous trial for the murder. In January 2016, Butler was recharged under a new indictment. Contributing to the delay, Butler's defense counsel requested numerous continuances. At one point, Butler, who was out on bond, could not be found. The trial court issued bench warrants when Butler failed to appear for two of his scheduled trials; however, he was found incarcerated in Texas on another charge. In early 2020, Butler was transported to Mississippi to await trial on these charges.

2

¶4. Butler acknowledges that he raises his argument for the first time on appeal, and he requests this Court to review the issue for plain error. "Generally, a party who fails to make a contemporaneous objection at trial must rely on plain error to raise the issue on appeal, because otherwise [the issue] is procedurally barred." *Swinney v. State*, 241 So. 3d 599, 605 (¶13) (Miss. 2018) (quoting *Parker v. State*, 30 So. 3d 1222, 1227 (¶15) (Miss. 2010)). Plain error analysis is limited in use to only "when a defendant's substantive or fundamental rights are affected" in order to correct "obvious instances of injustice or misapplied law." *Id.* at (¶14) (quoting *Green v. State*, 183 So. 3d 28, 31 (¶6) (Miss. 2016)). Plain error occurs "if the trial court has deviated from a legal rule, whether that error is plain, clear, or obvious, and whether that error has prejudiced the outcome of the trial." *Id.* at 606 (¶15) (quoting *Conner v. State*, 138 So. 3d 143, 151 (¶19) (Miss. 2014)).

**ANALYSIS**

¶5. Butler claims the trial court violated his constitutional right to testify by not advising him of this right. Further, Butler contends that his trial counsel denied him the opportunity to testify. Butler attaches to his appellate brief "Exhibit A," which is an affidavit executed in December 2022 stating that he expressed to counsel his desire to testify several times throughout his trial, but his "attorney advised that she did not feel it was a good idea. . . ." His attorney told him they "would discuss it again before the end of trial," but he was never given the chance to testify. Butler requests this Court either "dismiss" his conviction or remand his case for the trial court to hold an evidentiary hearing on whether he was advised of his right to testify.

3

¶6.     Under the Mississippi Constitution, a criminal defendant has "the right to testify in his own behalf." *Culberson v. State*, 412 So. 2d 1184, 1186 (Miss. 1982) (citing Miss. Const. art. 3, § 26). "[I]f an accused is denied the right to testify on his own behalf, it is a constitutional violation regardless of whether the denial is a result of a refusal by the court or a refusal by the accused's counsel to allow the accused to testify." *Dizon v. State*, 749 So. 2d 996, 999 (¶14) (Miss. 1999) (citing *Culberson*, 412 So. 2d at 1186). In *Culberson*, the Mississippi Supreme Court suggested to trial judges that "in any case where a defendant does not testify, before the case is submitted to the jury, the defendant should be called before the court out of the presence of the jury, and advised of his right to testify." *Culberson*, 412 So. 2d at 1186. "A record should be made . . . so that no question about defendant's waiver of his right to testify should ever arise in the future." *Id.* at 1186-87. However, since *Culberson*, the supreme court clarified that this suggestion, while strong, "was not mandatory." *Shelton v. State*, 445 So. 2d 844, 847 (Miss. 1984). In *Shelton*, the supreme court held that the failure of the trial court to advise the defendant of his right to testify did not constitute reversible error when he was represented by counsel and when there was no indication in the record that the defendant desired to testify. *Id.*

¶7.     Butler cites *Dizon v. State* as instructive. In *Dizon*, the supreme court reversed the defendant's conviction and remanded for a new trial partly because the trial court failed to make a record regarding the defendant's decision not to testify. *Dizon*, 749 So. 2d at 1000-01 (¶¶17-25). The supreme court analyzed both the trial transcript and the transcript of a separate evidentiary hearing on the issue (granted by order of that court as suggested under

4

*Culberson*). *Id.* at 999 (¶12). In the trial transcript, the only indication the defendant wanted to testify was during opening statements when defense counsel made a comment indicating the defendant would testify. *Id.* at 1000 (¶22). The supreme court found this comment put the trial judge on notice that the defendant wanted to testify, and when he did not testify, it should have triggered an inquiry by the judge about whether Dizon knew of his constitutional right to testify and wanted to waive that right. *Id.* at 1000-01 (¶¶25-26). Importantly, at the evidentiary hearing, defense counsel testified that he was uncertain if he had advised the defendant of his right to testify. *Id.* at 999 (¶16). Further, defense counsel testified that at trial there was probably a miscommunication between himself and the defendant about whether the defendant wanted to testify. *Id.* at 999-1000 (¶¶16-17). The defendant testified that his counsel never informed him of his right to testify and that before trial, he repeatedly told his counsel that he wanted to testify. *Id.* at 1000 (¶18). In light of this comment and defense counsel's uncertainty about advising Dizon of his right to testify, the supreme court found Dizon had not been fully advised of his right to testify and reversed his conviction. *Id.* at 1001 (¶27).

¶8.　　Butler claims, without much elaboration, that under *Dizon*, at the very least he should be granted an evidentiary hearing to determine if counsel fully explained to Butler his right to testify. However, *Dizon* is distinguishable. Here, nothing in the record (including opening statements) indicated that Butler wanted to testify; therefore, no evidentiary hearing on the matter was needed under *Culberson*. While Butler submitted to this Court an affidavit stating he told his defense counsel numerous times that he wanted to testify and his

request was ignored, it is not a part of the record; therefore, we cannot consider it. On direct appeal, this Court's review "is limited to the trial court record." *Archer v. State*, 986 So. 2d 951, 955 (¶15) (Miss. 2008). If Butler wants to raise a claim of ineffective assistance of counsel, he may seek permission from the Mississippi Supreme Court to raise it in a properly supported motion for post-conviction collateral relief. *See Jenkins v. State*, 284 So. 3d 862, 875-76 (¶36) (Miss. Ct. App. 2019). Butler's request to remand for an evidentiary hearing is without merit.

¶9. Moreover, under *Shelton*, the failure of the trial court to advise the defendant of his right to testify does not constitute reversible error when the defendant is represented by counsel and the record shows no indication the defendant wanted to testify. *Shelton*, 445 So. 2d at 847. Recently, in *Fisher v. State*, 354 So. 3d 284, 289-90 (¶¶14-15) (Miss. 2022), the supreme court limited the application of *Dizon* and applied *Shelton*'s holding that unless the trial judge knew or should have known the defendant wanted to testify, there is no need for the trial court to make a record that the defendant waived his right to testify. The *Fisher* court held that the trial court's failure to advise the defendant of his right to testify did not constitute plain error. *Id.* at 290 (¶16). On appeal, the defendant relied on *Dizon* to argue that the trial court committed reversible error by failing to make a record regarding his decision not to testify. *Id.* at 289-90 (¶15). The supreme court found *Dizon* distinguishable because the record was completely silent as to whether the defendant "desired to testify or knew of his right to testify." *Id.* at 289 (¶¶14-15). Under *Shelton*, the supreme court found the failure of the trial court to advise the defendant of his right to testify was not reversible

error. *Id.* at (¶14). We find the same here.

¶10. As in *Fisher*, nothing in the record by either Butler or his trial counsel indicates that he wanted to testify. At trial, outside the presence of the jury and at the end of the State's case-in-chief and after the defense's motion for a directed verdict, the trial judge asked the defense if it had any evidence to present. Defense counsel asked for a five-minute recess to decide, after which she announced, "[T]he defense rests, your Honor." Additionally, Butler knew of his right to testify because the transcript of the hearing on pre-trial motions indicates he testified in his prior trial. The trial court did not err.

¶11. Further, under plain-error analysis, Butler does not meet his burden of persuasion regarding prejudice to the outcome of his trial. Even if Butler had testified, the evidence of his guilt was overwhelming. "Prejudice often is lacking when the evidence against a defendant is overwhelming." *Swinney*, 241 So. 3d at 606 (¶15) (quoting *Hall v. State*, 201 So. 3d 424, 428 (¶12) (Miss. 2016)). Three eyewitnesses all testified that Butler withdrew the gun Griffin had passed to him and shot Webb twice in the chest. The outcome of the trial was not prejudiced by any failure of the trial court to advise Butler of the right to testify.

## CONCLUSION

¶12. Based upon the foregoing, we affirm Butler's convictions and sentences.

¶13. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**