McLaughlin v. State.

(Division B.    Dec. 10, 1923.) ·

[98 South.   148.   No. 23779.]

Intoxicating Liquors.   *State required to prove that offense was committed within period of limitations; state required to prove commission of offense after passage of violated statute.*

In order to sustain a conviction of crime, the state must prove that the offense was committed within the statutory period of limitations, and, in order to permit the imposition of a penalty prescribed by a particular statute, it must prove that the offense was committed after the passage of the statute.

Appeal from circuit court of Neshoba county.

Hon. G. E. Wilson, Judge.

Dan McLaughlin was convicted of having unlawful possession of intoxicating liquor, and he appeals. Reversed and remanded.

*Richardson & Mars,* for appellant. The state totally failed to show in what year the crime charged was committed. There is not one syllable of evidence in the record to enable this court to draw a reasonable inference as to the year in which this alleged offense was com-

mitted. The only evidence at all upon this point is set forth below, where the witness, Laney Howell, testified that during the Neshoba county fair, and in the month of August, he and the defendant went up to a cornfield near the fair grounds to get a drink of liquor, and that while there two officers came and arrested the defendant. The witness did not state that it was last August, nor August, 1922, but was only asked the following questions as to the time when the offense was committed: "Q. That during the Neshoba County Fair? Answer: Yes, sir. Q. In what month? Answer: August."

Now as a matter of fact, as this court knows, the Neshoba county fair has held thirty-three mid-summer sessions and no one knows from the testimony to what date the witness was referring. We contend that this is wholly insufficient to prove the time when this offense was committed. This charge was based upon an act of the legislature, enacted in 1922 and the state completely fails to show that the offense was committed after the passage of said act so as to bring the crime charged within its provisions. If the offense charged was actually committed prior to the passage of the Act of 1922, then the punishment allowed by law would be greatly different, and the judgment and sentence of the court in the present case is contrary to law.

Furthermore this offense falls within the provisions of section 1169 of Hemingway's Code, which creates a bar to its prosecution unless it be commenced within two years next after the commission thereof. "The state must prove that the offense was committed on a day within the statutory bar of limitations." *Hatten* v. *The State,* 92 Miss. 655.

In the *Hatten case, supra,* this court quotes and approves the following language found in 16 Corpus Juris, at page 529: "The prosecution also has the burden of proving that the offense was committed after the passage of the Statute or Ordinance providing for its pun-

ishment, and that it was committed within the statutory period of limitations, and if this is not done a conviction will be reversed.''

In this case the state has wholly failed in both respects, for which failure we respectfully submit that this case should be reversed.

*S. C. Broom,* Special Assistant Attorney-General, for the state.

The fourth assignment of error is that the court erred in refusing to grant the peremptory instruction asked for in this case because the state wholly failed to prove that the alleged crime was committed within three years prior to the beginning of the prosecution.

This case presents for consideration the first section of chapter 210 of the Laws of 1922, being, ''An Act to more effectively enforce prohibition in Mississippi,'' and provides that any person having more than one quart of whisky in his possession shall be sentenced to serve not less than thirty, nor more than ninety days in jail, in addition to the money fine prescribed by law. This Act became effective on March 13, 1922, or about six months prior to the time on which this appellant was charged with having more than one quart of intoxicating liquor in his possession.

It is argued by counsel for appellant that the Neshoba county fair has held thirty-three mid-summer sessions, and that there is not one syllable of evidence in the record to enable the court to draw a reasonable inference as to the year in which this alleged offense was committed. We concede the necessity for showing that this crime was committed after the enactment of the law, otherwise the penalty provided could not be imposed. We take the position that this was done. We have already observed that this case was tried on the 26th day of September, 1922, and the record shows that the Fair was held during

the month of August, and we find in the court record where the district attorney, at a time less than one month after the Neshoba county fair, asked the witness the following question: "Did you attend the Neshoba county fair?" And he answered, "Yes, sir." He then asked him: "Did you see Dan McLaughlin at the Fair any time?"'And he answered: "Yes, sir."

The time was fixed to the satisfaction of the trial court, and of the jury, and of counsel for the state, and for the defendant. The evidence was conclusive. There was no question about his guilt, therefore, he was promptly convicted and sentenced. But it is argued that because the witness did not testify that it was August, 1922, that the state has, therefore failed to prove that this occurred after the enactment of chapter 210 of the Laws of 1922.

Counsel for appellant relies upon the authority of *Hatton* v. *State,* 92 Miss. 651, and the Hatton case refers to the case of *Thompson* v. *State,* 54 Miss. 740. In the Thompson case the court held that the statute of limitations cannot be set up by demurrer against an indictment, although on the face of the indictment the prosecution appears to be barred. It was also held that "the defense of the statute of limitations may be made by special plea, in which case the state can reply with the facts which take the prosecution out of the statute; or by evidence under the plea of not guilty, in which case the state can only prove such facts in rebuttal."

In the present case no special plea was filed, and under the plea of not guilty no evidence was introduced by the defendant, which in either case would have placed the state on notice that they were relying upon the fact that the alleged offense has been committed prior to the enactment of the statute in question.

In the *Hatton case, supra,* this court held that it is unnecessary to plead specially the statute of limitations to an indictment for crime, since under a plea of not guilty the state must show an offense committed within

the statutory period.   But this rule as found in the Hatton case was in response to a very pertinent question which presented itself to the court for consideration in that particular case.   In the Hatton case the appellant was charged with a statutory offense that under the law of limitation of actions should have been commenced within two years after the date of the alleged crime. The proof was conclusive that the alleged crime was committed on June 15, 1905, and the indictment was not found until September 7, 1907, more than two years afterwards.

Now the difference in the Hatton case and the case at bar is this:   In the Hatton case it is affirmatively shown that the act complained of at the only time when a conviction could have been had was on a date more than two years prior to the finding of the indictment, whereas, in the present case it is by no means affirmatively shown that this crime was committed prior to the enactment of chapter 210 of the Laws of 1922, but on the contrary we maintain that we have affirmatively shown beyond doubt, and to the satisfaction of everyone concerned that this crime was committed at the Neshoba county fair which had just closed barely one month before the date of the trial in the circuit court.

Cook, J., delivered the opinion of this court.

The appellant was convicted, in the circuit court of Neshoba county, of unlawfully having in his possession more than one quart of intoxicating liquors, in violation of the provisions of chapter 210, Laws of 1922, and, from the judgment and sentence, he prosecuted this appeal.

The testimony in the record is to the effect that, "during the Neshoba county fair, in the month of August," the appellant was found in possession of the prohibited liquors at a point near the fair grounds.   The record discloses that the appellant was convicted in the justice court on August 19, 1922, and he was convicted in the circuit court on September 26, 1922, but there is not a

word in the entire record from which it can be determined that the offense was committed in 1922, after the passage of chapter 210, Laws of 1922, or indeed within the statutory period of limitations. The state is required to prove that the offense was committed within the statutory period of limitations, and, in order to permit the imposition of the penalty prescribed by chapter 210, Laws of 1922, it must prove that the offense was committed after the passage of that act. 16 C. J. 529; *Thompson* v. *State,* 54 Miss. 740; *Hatton* v. *State,* 92 Miss. 651, 46 So. 708.

*Reversed and remanded.*