DICKINSON, Presiding Justice,
for the Court:
¶ 1. In this thirteen-count, video-voyeurism bench trial, the parties agreed to forego calling witnesses and to have the trial judge decide the case on a submission of stipulated facts. The stipulation omitted any reference td> • where ten of the thirteen counts took place. So, because the State failed to prove venue as to those ten counts, we must- reverse them. We affirm Nuckolls’s remaining convictions.
FACTS AND PROCEDURAL HISTORY
¶2. On February 14, 2012, a DeSoto County grand jury indicted Samuel Nuc-kolls for thirteen violations of Mississippi Code Section 97-29-63, which provides:
Any person who with lewd, licentious or indecent intent secretly photographs, films, videotapes, records or otherwise reproduces the image of another person without the permission of such person when such a person is located in a place where a person would intend to be in a state of undress and have a reasonable *1048 expectation of privacy, including, but not limited to, private dwellings or any facility, public or private, used as a restroom, bathroom, shower room, tanning booth, locker room, fitting room, dressing room.or bedroom shall be guilty of a felony.... [1]
¶ 3. The original indictment charged that Nuckolls “secretly filmed and videotaped” women in his bathroom on thirteen occasions. When Nuckolls moved to dismiss most of the counts because they had occurred outside the two-year statute of limitations,[2] the State obtained an amended indictment, .adding language charging that Nuckolls “otherwise reproduced” the images within the statute of limitations by saving them on his computer. Nuckolls’s attorney then moved for a continuance, arguing that the State had made no allegation and had no proof as to where the images had been reproduced. The circuit judge denied the motion and found that all of .the counts survived the statute of limitations.
¶ 4. 'Nuckolls then waived his right to a trial by jury, and the parties submitted an agreed stipulation of facts to the circuit judge, asking the circuit judge to decide the case based on that stipulation. The stipulation included no. information as to where the images allegedly were reproduced,, and Nuckolls preserved his challenge to the statute of limitations. Based on the stipulation of facts, the circuit judge convicted Nuckolls on all thirteen counts. On appeal, Nuckolls attacks his ten transfer convictions on two grounds: (1) the statute does not criminalize the transfer of images, to a computer; and (2) even if it does, the State failed prove where the transfer took place, or who made the transfer. He also challenges one of his three filming convictions, arguing that the State, failed to prove that it occurred within the . statute of limitations. He has not appealed the other two filming convictions.
¶ 5. Because we find that the State failed to.prove venue, we reverse'the transfer convictions. We affirm the remaining convictions.
ANALYSIS
I. The Transfer Convictions
¶ 6. When we consider the sufficiency of the evidence, our “ ‘relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.’”[3] “ ‘The state receives the benefit of all' favorable inferences that may reasonably be drawn from the evidence.’”[4].
¶ 7. The stipulation — -which was the sole evidence at trial — is entirely silent as to where the transfers occurred. The. State has not suggested otherwise in its brief. And when asked about the venue issue at oral argument, the State responded that, because Nuckolls resides in DeSoto County, the trial judge was within his discretion to find that the transfers took place there.
¶ 8. We consistently have held that venue is an essential part of the State’s burden of proof that “may be proved by direct or circumstantial evidence”[5] This *1049 precedent is based on the Mississippi Constitution’s requirement that ■ “an accused has the right to trial ‘by an . impartial jury of the county where the offense was committed.’ ”[6] Also, venue in this case — as in all criminal cases — constitutes a material allegation of the indictment that becomes a part of the State’s burden of proof.
¶ 9. No evidence was provided at trial to show where the transfers took place. And to imply, as the. State suggests,- that the transfers occurred in DeSoto County simply because Nuckolls resided there — even though he allegedly used a laptop.computer that (1) was purchased in Tennessee, .(2) was found in Arkansas, and (3) could operate anywhere — would strain credibility and obviate the State’s burden of proof.
¶ 10. The stipulation did not state — as the separate opinion, by Presiding Justice Michael K. Randolph inaccurately suggests — that the transfers occurred at either of Nuckolls’s residences. For example, for Count 1 (which largely.mirrors the language of the other counts), the stipulation states in its entirety: , .
Facts regarding COUNT 1
In Count 1 the State would show that SAMUEL NUCKOLLS, between .the dates of June 1,. 2007 and October 29, 2011, did willfully, unlawfully and felo-niously, with lewd, licentious or indecent intent secretly photograph, film, videotape, record, or otherwise reproduce the image of another, to wit: Ashley Fisher, without the permission of Ashley Fisher when Ashley Fisher was located in a place where-a person would intend to be in a state of undress and have a reasonable expectation of privacy, to-wit: in the bathroom.
The State would offer four videos. The first video, labeled “af ’ shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Ashley Fisher enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom. Ashley Fisher would testify that she did not give permission or consent to be recorded.
The second-video, labeled afh shows Sammy Nuckdlls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. TÍiat video shows Ashley Fisher enter the bathroom, undress, and take a shower. She finishes and leavés the bathroom. . Ashley Fisher would testify that she did not give permission or consent to be recorded. This video appears to be older than the video labeled “af’ due to a piece of furniture not being present in “afh,” , .
■ The third video, labeled “afp” shows Sammy Nuckolls setting up -video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Ashley Fisher enter the bathroom, undress, and take a shower. She finishes and leaves the bathroom.. Ashley Fisher would testify that she was pregnant in this video. Ashley Fisher would testify that she did not give permission or consent to be recorded. The piece of furniture, seen in “af ’ is present. .
The fourth video, labeled “afrp” shows Sammy Nuckolls setting up video equipment in the bathroom located at 9848 Pigeon Roost Circle, Olive Branch, Mississippi. That video shows Ashley Fisher enter the bathroom, undress, and take a shower. She finishes and leaves *1050 the bathroom. Ashley Fisher wóuld testify that she did not give permission or consent to be recorded. Ashley Fisher would testify that she was pregnant when this was recorded. She would further testify that this video took place somé time after “afp.”
Testimony would establish that these videos were found on the Defendant’s Apple MacBook Pro (Serial number W8047932ATMA1344). The videos were all located in the subfolder orange.
¶ 11. Nothing in the stipulation suggests where the transfer to the laptop took place. Every mention of Nuckolls’s residence — in this count and all others — pertains only to where the filming took place. And the separate opinion cannot take the position that the two events — filming and transferring to &e laptop — ’took place close in time because, as already stated, the filming took place outside the statute of limitations, so the transfer to the computer must have taken place long after the filming. And, with regard to the transfers’ locations, the stipulation is completely silent.
¶ 12. Also, Presiding Justice Randolph incorrectly contends that Nuckolls waived this assignment of error by failing to obtain a ruling in the trial court. As stated, venue is a constitutional requirement, and this Court Has said repeatedly “that the question could be raised for the first time in [the Supreme Court] court,” on appeal.[7] As recently as 2012, we have recognized and reaffirmed this principle.[8]
¶ 13. Nuckolls has raised this issue on appeal. Under an issue heading labeled “The Trial Court Erred in Finding Samuel Nuckolls Guilty’ and Subsequently Overruling Defendant’s Motion for Judgment of Acquittal Notwithstanding the Verdict or in the’Alternative for a New Trial,” Nuc-kolls argued that “the State presented no evidence to the' Court showing where the transfer took place — ” With regard 'to the State’s burden of proof, a complaint that the State failed to prove where the crime took place can be read only as a statement that the State failed to prove venue.
¶ 14. ' Further, the record contradicts Presiding Justice Randolph’s assertion that- Nuckolls “agreed that the evidence the State would offer was sufficient to convict Nuckolls.”. 'When the partiés appeared before the circuit judge to submit the stipulation of facts, the parties repeatedly affirmed that they were asking the judge to adjudicate the defendant’s guilt. Defense counsel, the circuit judge, and the prosecutor each specifically noted at one point or another that the judge had to determine whether the stipulation established Nuckolls’s guilt. In fact, at one point when' the circuit judge specifically asked if Nuckolls was entering a guilty plea, the prosecutor informed the judge that he had' to determine Nuckolls’s guilt.
¶ 15. ■ In light of these repeated comments, we cannot agree with Presiding Justice Randolph’s characterization that *1051 Nuckolls admitted that the stipulation provided sufficient evidence to convict him.
¶ 16. It is true that, at one point in the proceeding, the circuit judge proposed a procedure for the parties to appear at a later date and make arguments as to Nuc-kolls’s guilt, and for the judge to render a verdict and hold a sentencing hearing. Contrary to other statements throughout the proceeding, the State suggested — in response to the proposed procedure — that it believed the parties were agreeing that the evidence was sufficient to convict Nuc-kolls. Nuckolls’s counsel then made a statement, which from the appellate transcript and without the benefit of being present in the courtroom, could be read either as agreement with the State’s statement or as agreement to the judge’s proposed procedure. The separate opinion reads this statement as the former, but the record supports only the latter. And even if we were to agree with Presiding Justice Randolph that Nuckolls was attempting to plead guilty, none of the required procedures was followed to ensure that, in doing so, he made a knowing and intelligent waiver of all of his rights.
¶ 17. But there was no attempt to .plead guilty. All involved in that hearing repeatedly asserted that the judge had to determine whether Nuckolls was guilty or innocent. To adopt Presiding Justice Randolph’s reading would conflict with the rest of the parties’ and the judge’s statements. And the circuit judge apparently did not believe .Nuckolls had admitted his guilt because, when the court reconvened, the trial judge began by stating
heretofore the Court was informed by counsel for the defense and counsel for the state that they wished a bench trial. That is, they wanted the Court to rule on the defendant’s guilt or innocence based on a stipulation of fact.
(Emphasis added.) The judge then rendered his verdict count by count, formally finding that the stipulation provided sufficient evidence to support each one. In no way did he suggest that the parties had conceded that the stipulation provided sufficient evidence. -
¶ 18. Because the State offered no evidence to meet its constitutional burden to prove venue, we must reverse the transfer convictions.[9]
II. The State’s Evidence on Count 11
¶ 19. Nuckolls argues that the State failed to prove that count eleven occurred within the statute of limitations because the parties stipulated that the filming occurred within a range of dates, including dates both within and outside the two-year statute of limitations! When considering the sufficiency of the' evidence, our “ ‘relevant inquiry is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable dóubt.’ ”[10] “ ‘The state receives the benefit of all favorable inferences that may reasonably be' drawn from the evidence.’ ”[11] And the State bears the burden to prove that an offense occurred within the statute of limitations.[12]
¶ 20. ' Here, the parties stipulated that count eléven occurred between ‘ June 1, *1052 2007, and October 29, 2011. .They also stipulated that it occurred at Nuckolls’s Meadow Ridge residence, where he moved on October 6, 2009. So the date range includes a short time periodf-October 0, 2009, to October 28, 2009 — more than two years before Nuckolls’s arrest, on October 29, 2011, and outside the statute of limitations.[13]
¶ 21. The parties also stipulated, however, that “[t]he [count eleven] video ends with Sammy Nuckolls entering with a silver laptop consistent with the Apple Mac-Book Pro.” Nuckolls purchased the Apple MacBook Pro on January 5, 2011. So, drawing all reasonable inferences in favor of the State, we find that the State presented sufficient evidence because the stipulation gives rise to a strong inference that the video depicts the same computer purchased in January 2011, and that the recording must have occurred after that date.
CONCLUSION
., ¶ 22. Nuckolls has not appealed his convictions on counts three and four, so those convictions are not before us. The State presented sufficient evidence to prove that count eleven — filming—occurred within the statute of limitations, so that conviction is affirmed. But the State failed to prove venue for counts one, two, five, six, seven, eight, nine, ten, twelve, and thirteen, so we reverse the trial count’s judgment as to those convictions. _ .
¶ 23. COUNT ELEVEN: CONVICTION OP VIDEO VOYEURISM AND SENTENCE'OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SENTENCE TO RUN CONCURRENTLY WITH THE SENTENCE IN COUNT THREE, AFFIRMED. CONVICTIONS AND SENTENCES IN COUNTS ONE, TWO, FIVE, SIX, SEVEN, EIGHT, NINE, TEN, TWELVE, AND THIRTEEN ARE REVERSED.
WALLER, C.J., LAMAR, KITCHENS, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PIERCE, J.

. Miss.Code Ann. § 97-29-63(1) (Rev.2014).

. Miss.Code Ann, § 99-1-5 (Rev.2015).

. Conner v. State, 138 So.3d 143, 147-48 (Miss.2014) (quoting Young v. State, 119 So.3d 309, 315 (Miss.2013)).

. Conner, 138 So.3d at 148 (quoting Hughes v. State, 983 So.2d 270, 276 (Miss.2008)).

. Smith v, State, 646 So.2d 538, 541 (Miss.1994) (citing Jones v, State, 606 So.2d 1051, 1055 (Miss.1992); Griffin v. State, 38.1 So.2d 155, 158 (Miss.1980); Jackson v. State, 246 So.2d 553, 555 (Miss.1971)).

. Rogers v. State, 95 So.3d 623, 630 (Miss.2012) (quoting Miss. Const, art. 3, § 26); see also Miss.Code Ann. § 99-11-3 (Rev,2015) ("The local jurisdiction of all offenses, unless otherwiáe provided by law, shall be in the county where committed,”),

. Dorsey v. State, 141 Miss. 600, 106 So. 827, 828 (1926) (citing Monroe v. State, 104 So. 451 (Miss. 1925); Slaton v. State, 134 Miss. 419, 98 So. 838 (1924); Sullivan v. State, 136 Miss. 773, 101 So. 683 (1924); Sandifer v. State, 136 Miss, 836, 101 So. 862 (Miss.1924); Pickle v. State, 137 Miss. 112, 102 So. 4 (1924); Carpenter v. State, 102 So. 184 (Miss. 1924); Norwood v. State, 129 Miss. 813, 93 So. 354 (1922); Quillen v. State, 106 Miss. 831, 64 So. 736 (1914); Cagle v. State, 106 Miss. 370, 63 So. 672 (1913)).

. Moreno v. State, 79 So.3d 508, 511 (Miss, 2012) (citing Gillett v. State, 56 So.3d 469, 502 (Miss.2010)) (“[V]enue in criminal cases may be raised for the first time .on direct appeal_”).

. Because we reverse Nuckolls's transfer convictions based on the State’s failure to prove venue, we need not address Nuckolls's contention that the statute does not criminalize this conduct.

. Conner, 138 So.3d at 147-48 (quoting Young, 119 So.3d at 315).

. Conner, 138 So.3d at 148 (quoting Hughes, 983 So.2d at 276).

. McLaughlin v. State, 133 Miss. 725, 98 So. 148 (1923).

. See Miss.Code Ann. § 99-1-5 (Rev,2015) ("A person shall not be prosecuted for any other offense not listed in this section unless the prosecution for the offense is commenced within two (2) years next after the commission thereof."); Miss.Code Ann. § 99-1-7 (Rev.2015) ("A- prosecution may be commenced, within the meaning of'Section 9915 by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit.”).