DICKINSON, PRESIDING JUSTICE,
CONCURRING IN PART AND IN RESULT:
¶ 17. Today, the majority perpetuates the imprecise dicta from previous cases regarding venue in criminal cases by holding that Article 3, Section 26 of the Mississippi Constitution mandates venue in the county where the criminal offense was committed. Article 3, Section 26 of the Mississippi Constitution provides: “In all criminal prosecutions the accused shall have a right to ... a speedy and public trial by an impartial jury of the county where the offense was committed.”[5] The provision neither mentions nor mandates venue in any particular county. Upon careful review of the Constitution’s precise language, I respectfully disagree with the majority’s reasoning.
¶ 18. Dr. Azomani was indicted and convicted in Washington County, where he committed Medicaid fraud. He argues that, for Medicaid fraud, venue for his crime is set by Mississippi Code Section 43-13-223, which provides that a Medicaid-fraud prosecution “may be filed in the circuit court of the First Judicial District of Hinds County or in the circuit court of the county in which the defendant resides.”[6] And because the statute does not provide for venue in Washington County, the county where the crime was committed, Dr. Azo-mani argues the State failed to prove Washington County was a permissible venue.
¶ 19. The majority finds venue proper in Washington County based on Article 3, Section 26 of the Mississippi Constitution. But venue is “the proper or a possible place for a lawsuit to proceed,”[7] and Article 3, Section 26 says nothing about where a prosecution must occur. Instead, it guarantees the defendant a jury drawn from a particular county.[8]
¶ 20. At times, this Court loosely has referred to Article 3, Section 26 as a venue requirement.[9] But we never have faced a *288 case that required us to determine whether that provision requires a trial physically to be held in a particular county, or only that the jury be selected from a particular county. In my view, this Court should hon- or the clear language of the constitutional provision—“trial by an impartial jury of the county where the offense was committed”—and cease to apply it to the location of the trial. However, as to Dr. Azomani’s case, the inquiry does not end here.
¶21. Mississippi Code Section 99-11-3 provides that “[t]he local jurisdiction of all offenses, unless otherwise provided by law, shall be in the county where committed.”[10] So in most cases—including the one before us today—Section 99-11-3 establishes venue in the county where the crime was committed.
¶ 22. While Mississippi Code Section 43-13-223 does provide that a Medicaid-fraud prosecution “may be filed in the circuit court of the First Judicial District of Hinds County or in the circuit court of the county in which the defendant resides,”[11] it contains no language suggesting a Medicaid-fraud prosecution may be brought only in those counties. Instead, it simply states the action may be brought there, thus allowing for venue in other counties where venue is provided by statute. In my view, Section 43-13-223’s permissive language simply adds permissible venues to the one in Section 99-11-3. So, because I believe venue was proper under Section 99-11-3,1 concur in part and in result.
COLEMAN, J., JOINS THIS OPINION

. Miss. Const. art. 3, § 26 (emphasis added).

. Miss. Code Ann. § 43-13-223(1) (Rev. 2015) (emphasis added).

. Venue, Black’s Law Dictionary 1339 (abr. 9th ed. 2010) (emphasis added).

. Miss. Const. art. 3, § 26.

. See e.g. Nuckolls v. State, 179 So.3d 1046, 1048-49 (Miss. 2015) (citing Smith v. State, 646 So.2d 538, 541 (Miss. 1994); quoting Rogers v. State, 95 So.3d 623, 630 (Miss. 2012) (quoting Miss. Const. art. 3, § 26)).

. Miss. Code Ann. § 99-11-3 (Rev. 2015).

. Miss. Code Ann. § 43-13-223(1) (Rev. 2015) (emphasis added).