# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2025

Lyle W. Cayce
Clerk

————————

No. 24-60112

————————

John B. Lowe,

*Petitioner—Appellant*,

*versus*

Andrew Mills,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:21-CV-9

_____

Before Smith, Dennis, and Richman, *Circuit Judges*.

Per Curiam:[*]

John B. Lowe appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his 2015 Mississippi state court conviction on five counts of receiving child pornography. *See Lowe v. State*, 269 So. 3d 244 (Miss. Ct. App. 2018); *see also* Miss. Code Ann. § 97-5-33(3). For the reasons that follow, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60112

I

In 2008, Lowe lived in Jones County, Mississippi, in a trailer next to Marie Taylor, his romantic partner, and her two daughters. *Lowe*, 269 So. 3d at 247. That year, Lowe acquired a laptop computer and set up two user accounts: "Muzicman," which was password-protected, and "Minnie," which was not. *Id.* at 248. Lowe permitted Taylor and her daughters to use only the "Minnie" account and instructed them not to access the "Muzicman" account, whose password they did not know. *Id.*

On June 30, 2009, Jones County Sheriff's Department Investigator Don Sumrall received reports that Lowe had inappropriately touched several children. One child informed Sumrall that Lowe showed her a pornographic movie on his laptop. A background check revealed Lowe's prior conviction for possession of child pornography and recent release from prison on parole.

Unable to locate Lowe at his trailer, Sumrall spoke to Taylor, who then warned Lowe at his workplace that police were looking for him. The next day, Lowe failed to report for work, and authorities later discovered his truck abandoned in a Wal-Mart parking lot in Columbia, Mississippi.

Sumrall later obtained Lowe's computer from Taylor pursuant to a search warrant. A forensic expert conducted a search of its contents and discovered five videos of child pornography in the password-protected "Muzicman" account that had been downloaded on June 5 and 6, 2009. On June 6, 2009, Lowe had been at work unsupervised, where he had access to multiple unsecured public Wi-Fi networks.

In September 2009, the United States Marshals located Lowe in a motel room in San Diego, California, and brought him back to Mississippi. A grand jury, convened in Mississippi state court, indicted him on five counts of exploitation of a child for receipt of pornography. *See* MISS. CODE ANN.

§ 97-5-33(3). A jury subsequently convicted Lowe on all five counts, and the court sentenced him as a habitual offender to five consecutive life sentences.

A state appellate court upheld Lowe's conviction on direct appeal. The court found sufficient evidence to support a conviction for *possession* of child pornography, Miss. Code Ann. § 97-5-33(5), but did not analyze whether there was sufficient evidence to support a conviction for *receipt* of child pornography, *id.* § 97-5-33(3), Lowe's charged offense. *See Lowe*, 269 So. 3d at 253. The Mississippi Supreme Court denied Lowe's petition for discretionary review without stating reasons, *Lowe v. State*, 258 So.3d 285 (Miss. 2018), and the United States Supreme Court denied his petition for certiorari, *Lowe v. Mississippi*, 587 U.S. 978 (2019).

After Mississippi courts denied his application for state postconviction relief, Lowe filed the instant 28 U.S.C. § 2254 petition in the district court asserting nine claims, including a challenge to the sufficiency of the evidence to support his conviction. The district court denied Lowe's petition and found that the state appellate court's decision on his sufficiency-of-the-evidence claim adequately addressed the elements of his offense. Lowe timely appealed, and we granted him a certificate of appealability for his challenge to the sufficiency of the evidence but denied it for his other claims. *See Parker v. Davis*, 914 F.3d 996, 999 (5th Cir. 2019) ("This court has jurisdiction to consider only the issues specified in a COA.").

II

When addressing a federal district court's denial of a § 2254 petition, we review its findings of fact for clear error and its conclusions of law de novo. *Lewis v. Thaler*, 701 F.3d 783, 787 (5th Cir. 2012). We opt to evaluate the

No. 24-60112

Mississippi appellate court's decision on Lowe's sufficiency-of-the-evidence claim de novo.[1]

### III

In the instant case, a jury convicted Lowe of five counts of exploitation of children by receipt of child pornography, Miss. Code Ann. § 97-5-33(3), which states: "No person shall, by any means including computer, knowingly send, transport, transmit, ship, mail or receive any photograph, drawing, sketch, film, video tape or other visual depiction of an actual child engaging in sexually explicit conduct." Lowe's five indictment counts stated that he "downloaded" and "knowingly, via the internet/computer, receive[d]" child pornography.

Lowe argues there was insufficient trial evidence to establish that he (1) committed the offense in Jones County, Mississippi, to satisfy the jurisdictional and venue requirements of his crime;[2] (2) "downloaded" the child pornography "via the internet" as alleged in his indictment; and (3)

_____

[1] The parties dispute whether the Mississippi appellate court adjudicated the sufficiency of evidence to convict Lowe for possession of child pornography instead of receipt, and therefore whether we should defer to the state court's decision under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") or review it de novo. Because we would deny habeas relief on Lowe's claim under either standard, we need not reach this issue. *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010). ("Courts can . . . deny writs of habeas corpus under § 2254 by engaging in de novo review when it is unclear whether AEDPA deference applies[.]").

[2] Miss. Code Ann. § 97-5-33(9) sets out the jurisdictional requirements of § 97-5-33 offenses: "For purposes of determining jurisdiction, the offense is committed in [Mississippi] if all or part of the conduct described in this section occurs in the State . . . or if the transmission that constitutes the offense either originates in . . . or is received in th[e] [S]tate." Additionally, the Supreme Court of Mississippi has held that "venue . . . constitutes a material allegation of the indictment that becomes a part of the State's burden of proof." *Nuckolls v. State*, 179 So. 3d 1046, 1048-49 (Miss. 2015).

knowingly received files depicting actual, as opposed to virtual, children engaging in sexually explicit conduct.

When addressing a sufficiency-of-the-evidence claim, we consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In doing so, we "consider the countervailing evidence as well as the evidence that supports the verdict." *United States v. Brown*, 186 F.3d 661, 664 (5th Cir. 1999). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Rains*, 615 F.3d 589, 592 (5th Cir. 2010).

*First*, the government presented evidence that Lowe lived in Jones County, Mississippi, when he owned and used the laptop, that Lowe attended work unsupervised in Jones County, Mississippi, the morning of June 6, 2009, and that the pornographic videos were downloaded onto his computer on June 5 and 6, 2009. From this evidence, a rational trier of fact could have concluded beyond a reasonable doubt that "all or part of the [at-issue] conduct . . . occur[red] in" Jones County, Mississippi, satisfying the jurisdictional and venue requirements of the offense. *See* § 97-5-33(9); *Nuckolls*, 179 So. 3d at 1049 (noting that "an accused has the right to trial by an impartial jury of the county where the offense was committed" (citation omitted)).

*Second*, the evidence, which included five videos of child pornography stored in the download directory of Lowe's "Muzicman" account, allowed the jury to conclude beyond a reasonable doubt that Lowe downloaded the child pornography. Specifically, the jury could infer that Lowe, using his

password-protected "Muzicman" account on June 5 and 6, 2009, downloaded child pornography files to that account's download directory while logged onto a Wi-Fi network at or near his workplace. Lowe argues that the state failed to show that he downloaded the videos "via the internet," as alleged in his indictment. But the Mississippi appellate court on direct appeal held that the inclusion of the phrase "via the internet" in the indictment did not alter the elements of MISS. CODE ANN. § 97-5-33(3) that the state had to prove. *Lowe*, 269 So. 3d at 258–59. A "state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (stating that "we are bound by [the state court's] constructions [of state law] except in extreme circumstances" when it appears to be an "obvious subterfuge to evade consideration of a federal issue" (citation omitted)).

And *third*, the evidence also allowed the jury to conclude beyond a reasonable doubt that Lowe knowingly received images depicting actual, as opposed to virtual, children engaging in sexually explicit conduct. The jury viewed the contents of the videos downloaded to Lowe's password-protected account, whose titles clearly indicated that they depict young children engaging in sexually explicit conduct.[3] Further, unrebutted expert testimony established that "Muzicman" had saved at least one of the videos in his "favorites" folder, demonstrating that it had been "looked at or downloaded on the computer through the internet several times." Given such evidence, a rational juror could have found that Lowe knew that he was downloading images of actual children engaging in sexually explicit conduct.

---

[3] For example, the jury watched one video titled "Children Sexually Abused Beautiful Venezuelan Girls Three, Four Years of Age," and another titled "Good Two-Year-Old Girl Getting Raped During Diaper Change."

No. 24-60112

Lowe's challenges to the sufficiency of the evidence are therefore without merit.

IV

For the foregoing reasons, we AFFIRM the district court's judgment.